DOUGLAS A. FLATTERY vs. WILLIAM C. GREGORY, SR.,
& others.[1]

Plymouth. October 9, 1985. — March 20, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Insurance,* Motor vehicle insurance, Agent's negligence. *Negligence,* Insurance agent, In obtaining insurance policy. *Contract,* Parties, To obtain insurance. *Practice, Civil,* Complaint.

An insurance agent who allegedly failed to obtain optional liability insurance coverage in accordance with his promise to the owners of a motor vehicle, and who thereafter failed to inform the owners that the insurance coverage he had actually obtained for them was limited to the statutory amount, would not be liable, on a theory of negligence, to a plaintiff injured by the negligent operation of the vehicle, since the plaintiff could not foreseeably have relied on the vehicle's being insured in an amount greater than that required by G. L. c. 90, § 34A. [146-147]

An insurance agent who allegedly failed to obtain optional liability insurance coverage in accordance with his promise to the owners of a motor vehicle, and who thereafter failed to inform the owners that the insurance coverage he had actually obtained for them was limited to the statutory amount, would be liable to a plaintiff injured by the negligent operation of the vehicle, on the theory that the plaintiff was an intended beneficiary of the alleged contract between the insurance agent and the owners of the vehicle. [148-151]

CIVIL ACTION commenced in the Superior Court Department on January 19, 1981.

A motion to dismiss filed by the defendant Borhek was heard by *Elizabeth J. Dolan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Robert T. Nagle* for the plaintiff.

[1] Joalta Gregory, The Travelers Indemnity Company, and William F. Borhek.

*Walter H. Mayo, III* (*Donna B. MacKenna* with him) for William F. Borhek.

O'CONNOR, J. We consider for the first time whether an insurance agent owes to a traveler on the highway, injured by the negligent driving of another, a duty to fulfil the agent's pre-accident promise to the tortfeasor to obtain optional liability coverage on the tortfeasor's motor vehicle. The case reaches us as the result of an appeal from the allowance of a motion to dismiss claims against the insurance agent.

We summarize the relevant allegations in the amended complaint. On December 24, 1979, the plaintiff was the operator of a motor vehicle which collided with a 1975 Toyota automobile. The Toyota was operated by the defendant William C. Gregory, Sr., and was owned jointly by the defendants William C. Gregory, Sr., and Joalta Gregory. As a result of injuries sustained in the collision, the plaintiff recovered a judgment against William C. Gregory, Sr., in the sum of $118,181.99.

According to the amended complaint, at the time of the collision the Gregorys owned a 1973 Mercury automobile in addition to the 1975 Toyota. The defendant William F. Borhek, an insurance agent, had procured liability coverage on the 1973 Mercury for the year 1979 with bodily injury limits of $100,000 per person and $300,000 per accident. Before 1979, Borhek had arranged for the issuance to the Gregorys of motor vehicle liability policies on their vehicles containing $100,000/$300,000 bodily injury limits. "On or about July 2, 1979," the amended complaint states, "[Borhek] caused an insurance policy to be amended and issued" to the Gregorys on the 1975 Toyota (the accident vehicle) with bodily injury limits of only $20,000 per person and $40,000 per accident.

The amended complaint is in three counts, the first of which is against the defendant The Travelers Indemnity Company and is not involved in this appeal. Count 2 alleges Borhek's liability on a theory of tort. In substance, after making the assertions recited above, the plaintiff says that the Gregorys relied on Borhek to obtain $100,000/$300,000 liability coverage on the 1975 Toyota. The plaintiff further asserts that Borhek's

failure to do so and his failure to advise them that the limits were only $20,000/$40,000 constituted negligence resulting in a loss to the plaintiff. Count 3 is based on contract. It reasserts the facts set forth in count 2 and, in addition, alleges that in return for valuable consideration Borhek promised the Gregorys that he would procure a liability policy covering the 1975 Toyota with limits of $100,000/$300,000 "for bodily injury to others, which class of individuals would have included the plaintiff," and that he failed to do so "[i]n breach of said contract."

Borhek moved that the complaint as to him be dismissed, alleging as grounds that the complaint fails to state a claim for which relief can be granted and that the plaintiff's claims are barred by the applicable statute of limitations. A judge of the Superior Court allowed the motion, and subsequently judgment in favor of Borhek was entered under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). The plaintiff appealed to the Appeals Court and we granted his application for direct appellate review. We now reverse the judgment below.[2]

Borhek is liable to the plaintiff on a tort theory only if he violated a duty to the plaintiff imposed by law. *Monadnock Display Fireworks, Inc.* v. *Andover,* 388 Mass. 153, 156 (1983). He can be liable to the plaintiff on a contract theory only if he violated a duty to the plaintiff established by a contract between the Gregorys and himself. Restatement (Second) of Contracts §§ 304 and 309 (1981). Essential to the plaintiff's assertions of either tort or third-party contract liability to him is a claim that Borhek promised the Gregorys that he would procure liability insurance with bodily injury limits of $100,000 per person and $300,000 per accident on the 1975 Toyota. Our first inquiry, therefore, is whether the complaint gives sufficient notice of a claim of such a promise so as to withstand Borhek's motion to dismiss. We conclude that the

---

[2] The plaintiff does not argue that his complaint alleges a right to reach Borhek's obligation to the Gregorys and apply it to the judgment debt owed by William C. Gregory, Sr., to the plaintiff. See G. L. c. 214, § 3 (6) (1984 ed.); *Bethlehem Fabricators, Inc.* v. *H.D. Watts Co.,* 286 Mass. 556, 563-568 (1934). Therefore, we do not address that question.

complaint adequately states a claim that Borhek promised the Gregorys that he would procure $100,000/$300,000 coverage on the Toyota. Fairly construed, the complaint alleges that such a promise was implied from Borhek's earlier procurement of motor vehicle liability policies containing $100,000/$300,000 limits on other vehicles owned by the Gregorys. Neither the details nor the extent of the earlier dealings between the Gregorys and Borhek are spelled out in the complaint, but, under our rules of notice pleading such specification is unnecessary. It is enough that in support of the complaint the plaintiff can prove a set of facts which would entitle him to relief. *Rae v. Air-Speed, Inc.,* 386 Mass. 187, 191 (1982). *Nader v. Citron,* 372 Mass. 96, 98 (1977). Under the complaint, the plaintiff could prove sufficient prior dealings between Borhek and the Gregorys to warrant a finding of a promise implied from custom.

Of course, the plaintiff's complaint does not state a claim upon which relief can be granted unless, in addition to alleging Borhek's promise to the Gregorys to procure $100,000/$300,000 coverage, the complaint also permits proof of facts establishing a legally recognized duty which was owed by Borhek not just to the Gregorys but to the plaintiff as well. Violation of such a duty, imposed by law, would create tort liability. Violation of such a duty, imposed by contract, would create contract liability.

First, we consider whether the complaint sufficiently alleges a tort claim. In *LaClair v. Silberline Mfg. Co.,* 379 Mass. 21, 26-30 (1979), we held that a jury could find a corporate president negligent, and therefore liable to the widow of a corporate employee who had died as a result of work-related injuries, for failing to obtain workmen's compensation insurance on behalf of the corporation. That was our holding despite the fact that the defendant had not made an express promise to the deceased employee or to the widow. In *Rae v. Air-Speed, Inc., supra* at 192-193, we held that the widow of an employee who dies as a result of work-related injuries may recover in tort from an insurance agent who promises the employer, but not the employee or the employee's widow, that he will obtain

workmen's compensation for the employer but fails to do so. In *Craig* v. *Everett M. Brooks Co.,* 351 Mass. 497 (1967), the defendant was a civil engineer under a contract with a real estate developer to place stakes in the ground for the guidance of the plaintiff road builder, a contractor also under contract with the developer. The defendant had made no direct promise to the plaintiff, but we held that the plaintiff could recover in tort from the defendant for the defendant's failure to set the stakes properly. We emphasized that the plaintiff had relied on the defendant's performance of its obligations under its contract with the developer, and that the extent of that reliance was known to the defendant. *Id.* at 501.

There is some similarity between those cases and the present case. However, there is at least one critical distinction between them, and that distinction is fatal to the plaintiff's tort claim. In each of the cited cases involving workmen's compensation insurance, the plaintiff rightfully and foreseeably expected the insurance to be in effect and relied on it. The expectation was rightful and foreseeable because the insurance was mandated by statute. Also, foreseeable expectation and reliance were present in *Craig* v. *Everett M. Brooks Co., supra.* In the present case, however, the plaintiff clearly did not foreseeably rely on the Gregorys' motor vehicle being insured in an amount greater than that required by G. L. c. 90, § 34A (1984 ed.). We have never held that in the absence of foreseeable reliance on the promised services being performed by someone, a promisor of services may be liable in tort not only to the promisee but also to potential beneficiaries of the promise. To the contrary, we have recently declared that "[w]hile [our decision in *Craig, supra*] is an example of our recognition that tort liability may exist in the absence of privity of contract, . . . recovery under the principles of *Craig* is limited to instances 'where the defendant knew that the plaintiff would rely on his services.' *Rae* v. *Air-Speed, Inc.,* 386 Mass. 187, 193 (1982)." *Page* v. *Frazier,* 388 Mass. 55, 64 (1983). We conclude, therefore, that the motion to dismiss the complaint was correctly allowed as to count 2.[3]

---

[3] In view of our conclusion, we do not reach the defendant's statute of limitations argument.

We turn to the question whether recovery under the complaint is possible on the theory that the plaintiff is a third-party beneficiary of a contract between Borhek and the Gregorys. In *Rae* v. *Air-Speed, Inc., supra* at 193-196, we held that the plaintiff could recover not only on a tort theory but on a contract theory as well. We announced in that case our adoption of Restatement (Second) of Contracts § 302 (1981). *Rae, supra* at 195. We impliedly adopted related sections too, such as §§ 304, 308, and 315. Quoting *Brewer* v. *Dyer,* 7 Cush. 337, 340 (1851), we "recognize[d] again the principle of law that, 'when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.'" *Rae, supra.* In *Rae,* the insurance that the agent allegedly promised to procure was compelled by statute. Here, the coverage claimed to have been promised was optional. It is necessary to inquire whether that distinction in the cases requires a difference in results. We conclude that whether or not the promised insurance was compulsory is irrelevant to the plaintiff's contract claim.

We must inquire whether the plaintiff was "an intended beneficiary" of the service promised by Borhek as that term is used in the Restatement (Second) of Contracts § 302 (1981), and whether the promised service was "for the benefit of" the plaintiff as contemplated in *Brewer* v. *Dyer, supra.*

"Where performance [of a promise] will benefit a person other than the promisee, that person is a beneficiary." Restatement (Second) of Contracts § 2 (1981). "A promise in a contract creates a duty in the promisor to any *intended beneficiary* to perform the promise, and the *intended beneficiary* may enforce the duty" (emphasis added). *Id.* at § 304. "An *incidental beneficiary* acquires by virtue of the promise no right against the promisor or the promisee" (emphasis added). *Id.* at § 315. "(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the

promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary." *Id.* at § 302.

The standard Massachusetts automobile liability insurance policy in 1979 contained the following language relative to optional bodily injury coverage: "Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. . . . The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement." It is clear that the plaintiff would have benefited from Borhek's performance of his alleged contractual obligation. In the ordinary course of events the plaintiff would have received $100,000 from the insurer. Thus, the plaintiff was a "beneficiary" as described in Restatement (Second) of Contracts § 2 (1981). We also think that the plaintiff was an "intended" beneficiary under § 302. If the allegations of the complaint are proved, recognition of the plaintiff's right to Borhek's performance is an appropriate way to effectuate the intent of Borhek and the Gregorys that the plaintiff receive the amount of his judgment against Gregory up to $100,000, thus discharging, to that extent, "an obligation of the promisee to pay money to the beneficiary." *Id.* at § 302 (1) (a).

"It is not essential to the creation of a right in an intended beneficiary that he be identified when a contract containing the promise is made," Restatement (Second) of Contracts § 308, nor is it necessary that the promisee's obligation to pay the beneficiary be in existence when the contract is made. See Restatement (Second) of Contracts § 302 illustration 3 (1981) ("B promises A to pay whatever debts A may incur in a certain undertaking. A incurs in the undertaking debts to C, D and E. If the promise is interpreted as a promise that B will pay C, D and E, they are intended beneficiaries under Subsection [1] [a]; if the money is to be paid to A in order that he may be provided with money to pay C, D and E, they are at most incidental beneficiaries"); § 308 illustration 2 ("B promises A

to pay anyone to whom A may become indebted for the purchase of an automobile. A buys an automobile from C. B is under a duty to C").

We have said many times that the primary purpose of compulsory automobile liability insurance is protection of travelers on the highway. See *Chipman* v. *Massachusetts Bay Transp. Auth.,* 366 Mass. 253, 259 n.7 (1974); *Fields* v. *Parsons,* 353 Mass. 706, 707 (1968); *Wheeler* v. *O'Connell,* 297 Mass. 549, 553 (1937). That recognition has led us to treat similar policy provisions differently depending on whether they pertain to compulsory or to optional insurance. Compare *Wheeler* v. *O'Connell, supra,* with *Sheehan* v. *Goriansky,* 321 Mass. 200 (1947). But the fact that the Legislature's purpose in enacting the compulsory motor vehicle insurance law is to protect travelers does not warrant the conclusion urged on us by the defendant that "*the* purpose of non-compulsory coverage is to protect insureds" (emphasis added). General Laws c. 175, § 113 (1984 ed.), gives an injured highway traveler who has recovered a judgment against the party responsible for his injuries the right to collect directly from the tortfeasor's insurer the amount of the judgment up to the limits of the tortfeasor's compulsory and optional insurance. See *Blair* v. *Travelers Ins. Co.,* 291 Mass. 432, 435-436 (1935). That provision displays the Legislature's view that injured highway travelers are intended beneficiaries of optional automobile liability insurance.

The more important question for purposes of our analysis here, however, is not whether the Legislature views injured travelers as beneficiaries of optional automobile liability coverage, but rather whether the contracting parties intend the injured party to be a beneficiary of their contract. Applying the Restatement (Second) of Contracts principles discussed above, we conclude that the plaintiff was clearly an intended beneficiary of the alleged contract between Borhek and the Gregorys. Logic alone argues to the same result. Although the owner of a motor vehicle may be motivated to obtain optional liability insurance coverage solely by a selfish interest to protect his assets, rather than by concern for the needs of parties negligently injured by him, the fact is that a motor vehicle owner

achieves that protection by entering into a contract the very object of which is the payment, in whole or in part, of judgments against him. The parties to the insurance policy, or, as in this case, to a contract to procure such a policy, intend the injured third-party judgment holder to benefit from their contract. It makes no difference, therefore, whether the insurance is compulsory or optional. Consequently, with respect to the plaintiff's third-party contract claim, this case is controlled by *Rae* v. *Air-Speed, Inc.,* 386 Mass. 187 (1982).

The judgment of dismissal is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*