Fremont-Smith, J.
This matter is before the court upon the defendant City of Lynn’s (the “defendant’s”) motion to dismiss counts VI and VII of the complaint against it, pursuant to Mass.R.Civ.P. 12(b)(6). Since matters outside the pleadings were presented by both parties the motion will be treated as a motion for summary judgment pursuant to Mass.R.Civ.P. 56(b). See Mass.R.Civ.P. 12(b).
BACKGROUND
The following facts are undisputed. On July 23, 1994, plaintiff Patricia Melchionno was attending a function at the Days Inn in Lynn, Massachusetts. The function was a fund raiser for the Spina Bifida Association and was run by a charitable corporation known as Row Row Row to Revere, Inc (“Row Row Row”). Prior to July 23, 1994, the plaintiff was a volunteer for Row Row Row, and participated in planning the event. There were no Lynn Police officers present as of the commencement of the function. During the course of the event, and before police arrived, the plaintiff was struck by the defendant Anthony Rizzo causing the alleged injuries upon which this suit is based.
*496 The following material facts are in dispute. The plaintiff alleges that a representative of Row Row Row, Cynthia J. Ward, contacted the Lynn Police Department in mid-June 1994 to arrange for a paid police detail to be present at the function on July 23, 1994; that on July 22, 1994, Ms. Ward confirmed with the Lynn Police that an officer would be present at the function, and that the Lynn Police assured Ms. Ward that two officers would arrive at the Days Inn by noon on July 23, 1994 and would remain at the function. At approximately 1:00 p.m. on July 23, 1994, the manager of the Days Inn, Jeffery Gorman, called the Lynn Police Department to request assistance. The Lynn police did not respond to the Days Inn until approximately 3:30 p.m.
The defendant City of Lynn claims that there was never a request made for a paid detail at the Days Inn on July 23, 1994, and there was never a contract to provide such a detail. Police records do not indicate that any officers had been assigned to work a detail at the Days Inn on July 23, 1994.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgement as a matter of law. Casses so v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the moving party does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
Count VI of the plaintiffs complaint is for negligence pursuant to G.L.c. 258, which permits tort actions for negligence against the commonwealth and its municipalities. The defendant asserts that the plaintiffs negligence claim is barred by G.L.c. 258, § 10(h) and (j), which remove G.L.c. 258 liability under certain circumstances. The exception established in G.L.c. 258, §10(h) prohibits the imposition of liability where the claim alleged is failure to “establish a police department... or if police protection is provided, for failure to provide adequate police protection.” G.L.c. 258, § 10(h). The plaintiffs claim is for negligent failure to provide a promised paid detail, but there is no claim that City of Lynn failed to establish a police department or that the police protection it did belatedly provide was inadequate. Accordingly, §10(h) is inapplicable and provides the defendant with no protection here.
General Law c. 258, §10(j), however, provides that liability shall not be imposed if a claim is based on “an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including violent or tortious conduct of a third person ...” On the undisputed facts here, plaintiffs injuries did result from the violent or tortious conduct of a third person, defendant Rizzo. The inquiry does not end there, however, because there are limitations on the G.L.c. 258, §10(j) exclusion. General Law c. 258, §10(j)(l) provides that this exclusion from liability
shall not apply to any claim based on explicit and specific assurances of safety or assistance, beyond general representations that. . . assistance will be or has been undertaken, made to the direct victim or member of his family or household by a public employee, provided that the injury resulted in part from a reliance on those assurances.
The plaintiff maintains there is a genuine issue of material fact in dispute as to whether there was a specific assurance of safety made by the Lynn Police, citing Lawrence v. Cambridge, 422 Mass. 406 (1996) (an oral or written promise, even by an unidentified police officer, may be sufficient).
Be that as it may, on the undisputed facts here, plaintiff cannot show that any assurances of protection were “made to the direct victim or a member of his family or household.” In Barnes v. Metropolitan Hous. Assistance Program, 425 Mass. 79, 87 (1997), the Supreme Judicial Court opined that it was the “intent of the Legislature to make §10(j)(l) apply to the truly exceptional case where direct and explicit assurances are given to a particular person quite apart from the normal carrying out of officials’ routine duties” and held that a tenant injured by lead poisoning could not satisfy §10(j)(l)’s requirements based on general assurances to warn of lead poisoning hazards contained in a contract between the owner and a government agency. Id. The Court concluded that these assurances were not made “to the direct victim or a member of her family . . . ,” so that §10(j)(l) was not satisfied. Id. Cf. Lawrence v. Cambridge, 422 Mass. 406, 410-11 (1996) (finding G.L.c. 258, §10(j)(1) satisfied where assurance was given directly to the individual to be protected by police). In this action, it is undisputed that the alleged assurances were not made directly to the plaintiff, but were either made to Cindy Ward, the employee who allegedly requested the police detail, or to the corporation Row Row Row. Given the restricted application of G.L.c. 258, §10(j)(1) by the Supreme Judicial Court, this Court concludes that “member of her family or household” is to be strictly construed, and may not be broadly interpreted so as to encompass a person who was a volunteer worker and/or officer of the organization to which the assurances *497 were made. Accordingly, this court concludes that the plaintiffs claim for negligence is barred by G.L.c. 258, §10Q).
The plaintiffs second claim against this defendant, count VII, is for breach of contract. The defendant claims that the plaintiff cannot maintain a breach of contract claim because the plaintiff is only an incidental beneficiary of any contract that was formed between the defendant and Row Row Row or Days Inn, rather than an intended beneficiary of such contract. An individual is an intended beneficiary of a contract “if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.” Flattery v. Gregory, 397 Mass. 143, 148 (1986). In order to determine the intention of the parties creating the contract, a court must “look at the language and the circumstances of the contract for indicia of intention." Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366 (1997); Choate, Hall & Stewart v. SCA Servs., Inc., 378 Mass. 535, 545-47 (1979). The plaintiff here alleges that there was a contract formed for police protection at the function, the intention of which was to provide security for persons, such as the plaintiff, who could be expected to attend. If an oral contract did in fact exist, the purpose of the contract and intention of the parties thereto respecting the contract’s protection of a person such as the plaintiff, is a question of fact that must be determined at trial from the language of the contract and all of the other circumstances. Anderson v. Fox Hill Village Homeowners Corp., supra.
ORDER
Accordingly, for each of the above reasons, defendant City of Lynn’s motion for summary judgment is GRANTED on count VI of plaintiffs complaint, but is DENIED on Count VII of plaintiffs complaint.