Donohue, J.
The plaintiff, Kevin B. Shaughnessy (“Shaughnessy”), has brought this action seeking to recoup the unpaid balance of a judgment in his favor which resulted from a motor vehicle accident lawsuit. Shaughnessy, in his individual capacity and as the assignee of the rights of the original tortfeasor, Kenneth Hudson, Inc. (“Hudson”) claims that the defendant, Arnold Associates Insurance Agency of Massachusetts, Inc. (“Arnold"), breached its contract with Hudson due to its failure to obtain liability insurance coverage that would “drop down” for Hudson and its failure to notify Hudson’s excess insurance carrier, Safety National Casualty Corporation (“Safety”), of Shaughnessy’s personal injury claim against Hudson (Counts I, II, individually and Count VI as assignee). Shaughnessy, solely as assignee of Hudson’s contractual rights with Arnold, also alleges that Arnold negligently failed to provide insurance coverage that would “drop down” upon the insolvency of Hudson’s primary insurer, Transit Casualty Company (“Transit”), and to inform Safety of Shaughnessy’s personal injury claim against Hudson (Count V).[2] Arnold now moves for summary judgment on the grounds that (1) Arnold had no duty to procure a “drop down” policy for Hudson; and (2) Arnold is not liable for not notifying Safety. For the reasons set forth below, Arnold’s motion for summary judgment is allowed.
BACKGROUND
The following facts are undisputed. On March 18, 1985, Shaughnessy was injured in a motor vehicle accident while a passenger of a motor vehicle owned by Hudson. He subsequently brought suit against Hudson to recover for his injuries.
Hudson possessed a primary insurance policy with Transit, which provided Hudson liability coverage for losses up to one million dollars, and an umbrella insurance policy with Safety, which provided Hudson with coverage for losses over one million dollars and up to four million dollars. Arnold, as Hudson’s insurance broker, obtained both policies on behalf of Hudson.
While Shaughnessy’s suit against Harold was pending, Transit became insolvent and neither Shaughnessy nor Arnold notified Safety of Shaughnessy’s personal injury claim against Hudson. Subsequently, Shaughnessy obtained a judgment against Transit for $920,000 and pursuant to G.L.c. 175D, §5(1)(a), the Massachusetts Insurers Insolvency Fund assumed Transit’s obligations and paid Shaughnessy the statutory limit of $300,000. Hudson then assigned to Shaughnessy any rights it may have had with respect to collecting funds to satisfy the remainder of the judgment.
Thereafter, in a declaratory action brought by Safety, the United States District Court for the District of Massachusetts (Mazzone, J.) held that the excess umbrella policy did not “drop down” to provide coverage where Transit, had it not become insolvent, would otherwise have provided it. Safety Mutual Casualty Corp. v. Kenneth Hudson Inc., No. 91-12402-MA (D.Mass. June 22, 1992).
*533 Shaughnessy received various small payments from other sources in satisfaction of his judgment; however, a majority of Shaughnessy’s judgment remains unsatisfied and continues to accrue interest. Shaughnessy filed the present action on March 26, 1996.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
I. Breach of Contract
A. “Drop Down" Liability
Shaughnessy claims that Arnold breached its contract with Hudson because it failed to obtain “drop down” excess liability coverage for Hudson that would have provided coverage when Transit became insolvent. As an agent of Hudson, Arnold is bound to use due care in the implementation of the agency and in carrying out Hudson’s instructions. Bicknell, Inc. v. Havlin, 9 Mass.App.Ct. 497, 500 (1980). The nature and extent of due care Arnold owed Hudson is dependent upon the degree of skill which Arnold represented it possessed. Id. at 500-01. Shaughnessy asserts that the relationship between Arnold was one “of extraordinary care and concern,” he submits a letter from Arnold to Transit regarding Hudson as evidence of this relationship. Although the letter reflects Arnold advocating for its client, Hudson, it is not evidence that Arnold undertook to advise Hudson and to make recommendations.
Moreover, in his affidavit, Thomas Murdock, a former Arnold employee who served as Hudson’s broker, testifies that Hudson never requested “drop down” liability coverage. Shaughnessy does not refute that assertion. Therefore, absent any evidence of Arnold holding itself out as possessing certain skills and that Hudson requested “drop down” coverage, Shaughnessy, as an assignee of Hudson’s contractual rights, is barred from recovering against Arnold as Arnold fulfilled the terms of the contract by procuring, at Hudson’s request, excess liability insurance for Hudson for losses between one million and four million dollars.
Shaughnessy also claims that he is entitled to damages as an intended beneficiary of the contract between Hudson and Arnold. To show that he is an intended beneficiary of the contract, Shaughnessy “must demonstrate that the agent [Arnold] had promised the party seeking insurance [Hudson] that the insurance would be obtained; and that the contracting parties intended the third party [Shaughnessy] to be abeneficiary of the insurance contract.” Quigley v. Bay State Graphics, Inc. 427 Mass. 455, 463 (1998).
Shaughnessy was an intended beneficiary of Hudson’s compulsory motor vehicle liability insurance it had obtained pursuant to 49 C.F.R. §387.33 (1997), and to Hudson’s optional motor vehicle liability insurance. Flattery v. Gregory, 397 Mass. 143, 150-51 (1986) (injured travelers are the intended beneficiaries of compulsory and optional motor vehicle liability insurance). However, as Shaughnessy failed to demonstrate that Arnold promised Hudson that it would obtain “drop down” liability insurance on Hudson’s behalf, Shaughnessy’s breach of contract claim as an intended beneficiary of the contract between Arnold and Hudson to procure insurance is precluded.
Accordingly, Shaughnessy’s breach of contract claims brought both in his individual capacity and as an assignee of Hudson based on Arnold’s failure to obtain “drop down” insurance are precluded.
B. Notification of Claims
Shaughnessy also argues, individually and as assignee of Hudson, that he is entitled to damages from Arnold’s alleged breach of its contractual obligation with Hudson to notify Safety of Shaughnessy’s claim against Hudson. However, Shaughnessy does not submit any evidence indicating that Arnold’s contractual duties to Hudson required Arnold to notify Safety of Shaughnessy’s claim nor any evidence that Hudson ever requested Arnold assume that duty. Moreover, the conditions of Safety’s excess insurance policy with Hudson required the insured, Hudson, and not the insured’s agent, to immediately notify Safety of every demand, notice, summons or other process received by Hudson or its representatives in the event of a claim or suit against it. “Although an insured is entitled to rely on his broker as his agent, an insured cannot abandon all responsibility for ascertaining the terms of the coverage his broker obtained.” Baldwin Crane & Equip. Corp. v. Riley & Rielly Insurance Agency, Inc., 44 Mass.App.Ct. 29, 32 (1997), quoting Campione v. Wilson, 422 Mass. 185, 196 (1996).
Accordingly, Shaughnessy’s breach of contract claims brought both in his individual capacity and as *534 an assignee of Hudson against Arnold for failure to notify Safety of Shaughnessy’s personal injury action against Hudson is barred.
II. Negligence
A. “Drop Down” Liability Insurance
Shaughnessy, as an assignee of Hudson’s contractual rights against Arnold, also maintains that he is entitled to damages as a result of Arnold’s negligent failure to procure excess liability coverage that would “drop down” in the event of Transit’s insolvency. Insurance brokers owe policyholders a duty to proceed in accordance with instructions. Rayden Eng’g Corp. v. Church, 337 Mass. 652, 660 (1958). Policyholders’ instructions and requests must be carried out by the insurance broker with “reasonable skill and ordinary diligence.” Hartford Nat’l Bank & Trust Co. v. United Truck Leasing Corp.; Abrams Agency, Inc., 24 Mass.App.Ct. 626, 630, rev. denied, 400 Mass. 1106 (1987).
Murdock, by way of an affidavit, testifies that as an employee of Arnold and as Hudson’s broker, he obtained primary liability insurance for one million dollars through Transit for Hudson. Murdock further states that Hudson requested excess liability coverage. However, Murdock denies that Hudson “specifically” requested that Arnold obtain an excess umbrella policy that would “drop down” in the event of Transit’s insolvency. Furthermore, Shaughnessy does not present any evidence to refute Murdock’s affidavit. Therefore, because Arnold complied with Hudson’s requests to obtain excess liability coverage and because Hudson never requested that Arnold’obtain “drop down” coverage, Shaughnessy fails to demonstrate that Arnold negligently failed to procure “drop down” coverage. Furthermore, Arnold submits undisputed evidence, through the affidavit of Richard S. Betterley, President ofBetterfy Risk Consultants, Inc., that “drop down” coverage was generally unavailable at the time Hudson insured with Transit and Safely, that it was not the practice in 1984 for insurance brokers or agents to request such coverage and that, even today, excess liability insurers are generally unwilling to assume the financial risks of providing “drop down” coverage in the event of the primary insurer’s insolvency. Shaughnessy’s failure to rebut this evidence reflects a fatal flaw in his negligence claim against Arnold, namely, that Arnold could have obtained a “drop down” policy. Therefore, Arnold’s unrebutted evidence that such coverage was not generally available in 1984 when Arnold obtained Hudson’s insurance policies is fatal to Shaughnessy’s contention that Arnold negligently failed to obtain “drop down” coverage for Hudson.
B. Notification of Claims
Shaughnessy further alleges that Arnold negligently failed to notify Safety of Shaughnessy’s action against Hudson. Despite this contention, Shaughnessy fails to submit any evidence indicating that Arnold assumed any duty, contractual or otherwise, to notify Safety of actions against Hudson. This Court discussed, supra, that Hudson’s policy with Safety clearly stated that the duty to notify rested with the insured, Hudson, and notwith the insured’s agent. Hudson was responsible for understanding the terms of the insurance contract it entered into with Safety. See Baldwin Crane & Equipment Corp. v. Riley & Riley Insurance Agency, Inc., 44 Mass.App.Ct. 29, 32 (1997) (holding that insurance agency had no duty to ensure that insured understood the full meaning of “minimum premium”).
Accordingly, Shaughnessy’s negligence Counts against Arnold are barred.
ORDER
It is hereby ORDERED that Arnold’s motion for summary judgment is ALLOWED.

In his complaint, Shaughnessy has also filed in his individual capacity, claims against Guaranty Fund Management for breach of covenant (Count III). In addition, as an assignee of Hudson, Shaughnessy filed claims against Dolan, Parker and Cohen as partners of Badger, Dolan, Parker & Cohen for legal malpractice (Count IV); against Arnold Insurance for negligence (Count V) and breach of contract (Count VI); against Guaranty Fund Management for negligence (Count VII) and breach of contract (Count VIII); and (4) breach of contract. The Court (Fecteau, J) dismissed Count IV of Shaughnessy’s first amended complaint.