Connolly, J.
The plaintiffs, Stephanie and Anthony Librot, filed a complaint against the defendants, Joseph F. Blum & Associates (“Blum”) and Security Connecticut Life Insurance Company (“Security Connecticut”)[3] alleging negligence, negligent infliction of emotional distress, and breach of contract, as a result of Blum’s act of canceling their beneficial interests under their father’s life insurance policy, which had been issued by Security Connecticut. Pursuant to Mass.R.Civ.P. 56, the defendant Blum has moved for partial summary judgment on Count II of the complaint, which alleges negligent infliction of emotional distress.[4] For the reasons set forth below, Blum’s motion for summary judgment is ALLOWED.[5]
BACKGROUND
The following undisputed facts are obtained from the affidavits and other materials provided by the parties in connection with the defendant’s motion for partial summary judgment.
On July 23, 1992, Howard Librot (“Howard”) took out a life insurance policy (the “Policy”) with Security Connecticut in the face amount of $559,000.00. Howard, who divorced Phyllis Librot in 1990, took out the Policy pursuant to a separation agreement under which he was to provide insurance coverage for Phyllis and for his two children, Stephanie and Anthony. The agreement provided, among other things, that Howard was to maintain the Policy until his alimony obligation was satisfied and the children either completed college or reached the age of 23, whichever came first. The Policy named Anthony, Stephanie and their mother, Phyllis Librot, as beneficiaries. In the Policy, Howard specified that upon his death, 28.45 percent of the insurance proceeds was to go to his former spouse, Phyllis Librot, if living, otherwise equally to Anthony and Stephanie; 35.775 percent was to go to Anthony Librot, if living, otherwise to Stephanie; and 35.775 percent to Stephanie Librot, if living, otherwise to Anthony. Thus, Phyllis’ beneficial interest in the Policy was $159,000.00, the amount of alimony for which Howard remained obligated to her at that time, and the children’s interests were $200,000.00 each.
On October 12, 1994, Howard reduced Phyllis’ beneficial interest under the Policy. This was done as a result of a decrease in Howard’s alimony obligations to Phyllis after two years of continued alimony payments. Phyllis’ interest was reduced to 24 percent or $134,000.00, which represented the amount of unpaid alimony owed to her by Howard at that time. Howard also increased the children’s interests to 38 percent or to $212,500.00 each. Howard retained the total face amount of the Policy intact.
*120 On April 24, 1996, Howard instructed Blum to further decrease Phyllis’ beneficial interest under the Policy to $71,000.00, which represented the balance of his obligation to her at that time. Howard instructed Blum to divide the $488,000.00 balance equally between Stephanie and Anthony, increasing their beneficial interest under the Policy to $244,000.00 each. Instead, Blum forwarded documentation to Howard reducing the face amount of the policy to $71,000.00 payable to Phyllis Librot as sole beneficiary. Howard signed these documents and sent them back to Blum, who then filed them.
On August 5, 1997, Howard Librot was murdered. Upon his death, Stephanie and Anthony learned that their beneficial interests in the Policy had been canceled in April 1996, and as a result filed this action in Norfolk Superior Court. The matter is now before this court on defendant Blum’s motion for partial summary judgment.
DISCUSSION
To prevail on summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment on that claim as a matter of law. See Mass.R.Civ.P. 56(c); Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). Where, as here, the party opposing summary judgment has the burden of proof at trial, the moving party is entitled to summary judgment if it “demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). ‘To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party’s claim.” Id. It is sufficient to demonstrate that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
In order to maintain a claim for negligent infliction of emotional distress, “a plaintiff must prove: ‘(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.’ ” Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993), quoting Payton v. Abbot Labs, 386 Mass. 540, 557 (1982). Stephanie Librot’s claim of negligent infliction of emotional distress “requires a basis to find that [Blum] had been negligent, namely that [Blum] owed [Stephanie] a duty that it had violated.” Urman v. South Boston Savings Bank, 424 Mass. 165, 171 (1997), quoting Payton v. Abbot, supra at 547.
Blum asserts that it is entitled to summary judgment on Stephanie’s claim for negligent infliction of emotional distress because Blum did not owe Stephanie a duty, because there is no causal connection between Stephanie’s alleged emotional distress and any negligent act by Blum, and because there is not sufficient evidence of corroboration of Stephanie’s alleged emotional distress.
Stephanie’s claim for negligent infliction of emotional distress must fail because Blum did not owe any duty to Stephanie. It is well established that an agent’s failure to procure insurance might render him liable to a third party if it is foreseeable that the third party would be harmed by the agent’s negligent conduct. See Rae v. Air-Speed, Inc., 386 Mass. 187, 193-93 (1982). However, “the third party must prove that the alleged facts establish a ‘legally recognized duty’ that was owed by the agent to the third party.” Quigley v. Bay State Graphics, Inc., 427 Mass. 455, 460-61 (1998), citing Flattery v. Gregory, 397 Mass. 143 (1986). In order for a duty to exist, the third party must show that he rightfully and foreseeably relied on the agent’s promise to the insured to obtain coverage naming the third party as a beneficiary. Id.
Stephanie has failed to establish that she rightfully and foreseeably relied on Blum’s promise to Howard to obtain insurance coverage naming her as beneficiary. Pursuant to her parents’ separation agreement, Stephanie expected to be a beneficiary of Howard’s Policy until the earlier of her 23rd birthday or her college graduation. Until then, Stephanie might have rightfully and foreseeably relied on Blum’s promise. However, such expectation and reliance had disappeared by the time of her father’s death. Stephanie was 25 years old at that time and Howard was no longer under any obligation to keep the life insurance naming her as beneficiary. As a result, she did not know for a fact whether her father still maintained the Policy or whether she was still a named beneficiary under the Policy. Under these facts, Stephanie cannot claim foreseeable reliance. “In the absence of foreseeable reliance on the promised services being performed by someone, we have never held that ‘a promisor of services may be liable in tort not only to the promisee but also to potential beneficiaries of the promise.’ ” Quigley v. Bay State Graphics, Inc., supra at 461, citing Flattery v. Gregory, supra at 147.
ORDER
For the foregoing reasons, defendant Blum & Associates’ motion for partial summary judgment on Count II of the plaintiffs’ complaint, alleging negligent infliction of emotional distress, is ALLOWED.

 Security Connecticut has, in turn, filed a cross-claim against Blum for contribution and indemnification.

 Security Connecticut has not joined Blum in this motion. Therefore, the plaintiffs' claim for negligent infliction of emotional distress survives with respect to that defendant.

 Anthony Librot has not filed an opposition to this motion for partial summary judgment. As a result, the motion is allowed as against both plaintiffs, Anthony and Stephanie Librot.