SUPERIOR COURT 
 
 SHEENA MARANDINO AND OTHERS,[1] ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. PETERSON’S OIL SERVICES INC.[2] AND OTHERS[3]

 
 Docket:
 1984CV00782-BLS2
 
 
 Dates:
 February 5, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING DEFENDANTS’ MOTION FOR A PROTECTIVE ORDER AS TO CURRENT INSURANCE POLICIES AND ALLOWING PLAINTIFFS’ CROSS-MOTION TO COMPEL
 
 

 The named plaintiffs represent a certified class of customers to whom Peterson’s Oil Services, Inc., delivered home heating oil containing more than five percent biodiesel during or after 2012. The class members claim that Peterson delivered heating oil containing what they contend were excessive amounts of biodiesel, that Peterson did so without proper disclosure, and that the class members’ heating equipment was damaged as a result. Peterson continues to deliver heating oil containing more than five percent biodiesel.
Two pending motions concern the latest attempt by Peterson to prevent class members from being able to obtain any recovery from Peterson’s insurers. Three of the defendants (Peterson Oil, Howard Peterson, and Kristen Peterson Halus) seek an order to compel Plaintiffs to return or permanently delete any copies of Peterson’s current insurance policies for the period from July 2024 to July 2025, and to bar Plaintiffs from contacting or making any demand on the insurers that issued those policies or making any other use of those policies.[4] The Plaintiffs filed a cross-motion seeking to compel production of Peterson Oil’s insurance policies for the 2022 to 2023 period and any excess insurance policies for the 2023 to 2024 period. The Court will deny the motion by the Peterson Oil parties and allow Plaintiffs’ cross-motion to compel.
 
--------------------------------------------
 
[1]        Sean Marandino, Nancy Carrigan, Claire Freda, Kelley Freda, Alice Haert, Robert F. Hart, Torre Mastroianni, and Congregation Beth Israel of Worcester.
[2]        d/b/a Cleghorn Oil by Peterson and also d/b/a Peterson Oil.
[3]        Howard Peterson, Jr., Sharon Peterson, and Kristen Peterson Halus.
[4]        The fourth defendant, Sharon Peterson, is separately represented and did not join in or respond to this motion.
 
                                                            -1-
 
1. Background. In late 2023, the Plaintiffs agreed to accept a payment of $5.6 million from Philadelphia Indemnity Insurance Company (“PIIC) to settle and release all claims for property damage that occurred from July 5, 2016, to July 5, 2019. That is the period during which PIIC provided liability insurance coverage to Peterson Oil.
The Peterson Oil defendants tried mightily to prevent the settlement with PIIC from being approved.
At the preliminary approval stage, Peterson Oil objected to the proposed settlement, arguing in part that PIIC could not enter into the settlement because it is not a party to this lawsuit. This Court (Salinger, J.) disagreed, ruling from the bench in part that the proposed settlement was in the best interest of the class, that Peterson’s insurance policies gave PIIC the contractual right to settle claims without Peterson’s consent, and that under Massachusetts law PIIC had an affirmative obligation to make reasonable efforts to settle the claims against Peterson.
At the final approval stage, the Defendants renewed these objections and also asserted that they would be irreparably harmed if the settlement were approved. At the same time, they sought to decertify the class. Judge Squires- Lee was not persuaded. She approved the settlement with PIIC and denied the Defendants’ motion to decertify the class.
Having failed to prevent a prior insurer from settling part of the Plaintiffs’ claims, Peterson is trying a new tack to keep its current insurer from doing so.
Peterson represents that it has opted not to give notice of potential claims under its current insurance policies for the period from July 2024 to July 2025. Howard Peterson says in an affidavit that only one insurer offered to provide Peterson with liability insurance for this period, that he fears the insurer will not continue to insure Peterson “if it is forced to be involved with this lawsuit,” and that he therefore decided not to tender any claims to and forego any indemnification by Peterson’s current insurer.
2. Peterson Oil’s Motion. Peterson seeks two very different kinds of relief. First, Peterson asserts that its current insurance policies are not discoverable because they are not available to satisfy any potential judgment, and asks that Plaintiffs be ordered to return or delete copies of the current policies that were provided to counsel. Second, Peterson asserts that it will suffer “immediate and irreparable harm” if Plaintiffs’ counsel were to make a demand to or otherwise
 
                                                            -2-
 
contact Peterson’s current insurer, and asks that Plaintiffs and their counsel be prohibited from doing so. Neither part of this motion has merit.
2.1. Relief in the Nature of a Discovery Protective Order. Peterson Oil is not entitled to withhold its current liability insurance policies or to an order compelling Plaintiffs’ counsel to return or delete all copies of those policies. The current policies are discoverable because the insurer may be liable to satisfy part of any judgment that could be entered in Plaintiffs’ favor. See Mass. R. Civ. P. 26(b)(2). Peterson cannot avoid disclosing its insurance policies by opting to withhold from the insurer any notice of Plaintiffs’ claims.
Plaintiffs are intended beneficiaries of, and therefore may independently enforce, the duty of Peterson’s current insurer indemnify or cover any liability that Peterson may have to any class members for the current coverage period. See Flattery v. Gregory, 397 Mass. 143, 151 (1986); O’Connell v. Reliance Ins. Co., 50 Mass. App. Ct. 334, 337 (2000); see also Clegg v. Butler, 424 Mass. 413, 418– 419 (1997) (as intended third-party beneficiaries of liability insurance, injured third-party claimants may recover against insurer under G.L. c. 176D, § 3(9)(f) for failure to effectuate settlement).
Intended beneficiaries may enforce a contract even if the contracting party would prefer to let the contractual obligation lapse. See The James Family Charitable Foundation v. State Street Bank and Trust Co., 80 Mass. App. Ct. 720, 723–727 (2011). “A promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the intended beneficiary may enforce the duty.” Quigly v. Bay State Graphics, Inc., 427 Mass. 455, 462 (1988), quoting Restatement (Second) of Contracts § 304 (1981); accord Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982). Since Plaintiffs are intended beneficiaries of Peterson’s current insurance policies with respect to the insurer’s duty to indemnify, each class member with a claim covered by those polices “stands in the shoes” of Peterson with respect to enforcing that contractual duty. Campione v. Wilson, 422 Mass. 185, 194 (1996), quoting Rae, 386 Mass. at 196.
It follows that Peterson may not unilaterally deprive Plaintiff class members of their contractual right to seek indemnification from Peterson’s current insurer merely because Peterson has tried to insulate its current policy by not providing the insurer with Peterson’s own notice of potential claims.
The Court recognizes that the Plaintiffs are not intended beneficiaries of the insurers’ promise to defend Peterson, as distinguished from their promise to
 
                                                            -3-
 
indemnify Peterson. See Chicago Ins. Co. v. Lappin, 58 Mass. App. Ct. 769, 784 (2003) (distinguishing Flattery). But that in no way limits the right of Plaintiff class members to enforce the insurer’s contractual obligation to indemnify Peterson or otherwise cover its potential liability. See generally The James Family Charitable Foundation, 80 Mass. App. Ct. at 725 (“One need not be a beneficiary of every provision of the contract in order to be an intended beneficiary with enforceable rights; it is enough to be the intended beneficiary of the promise one is seeking to enforce.”).
The out-of-state decisions cited by Peterson are inapposite. They hold merely that an insurer’s duty to defend is not triggered where the insured never requests a defense, and that a third-party claimant has no right to compel the insurer to step in and provide a defense. See, e.g., Moreno v. Sentinel Ins. Co., Ltd., 35 F.4th 965, 979 (5th Cir. 2022). Those decisions have nothing to do with an injured third-party’s right to enforce an insurer’s duty to indemnify and thereby cover potential liability. See  Flattery,  397  Mass.  at  151;  O’Connell, 50 Mass. App. Ct. at 337.
Plaintiffs have expressed no interest in trying to force Peterson’s current insurer to defend against this action, as Peterson mistakenly contends. Instead, Plaintiffs sought and obtained most of Peterson’s liability insurance policies because they want to be able to enforce any insurer’s contractual obligation to cover class members’ liability—which they are entitled to do.
In sum, Peterson’s current liability insurance may be available to cover claims by some class members despite Peterson’s decision not to tender any claims to its current insurer Peterson’s current insurance policies are therefore discoverable.
2.2. Relief in the Nature of a Preliminary Injunction. Peterson is also not entitled to an order that prevents Plaintiffs from contacting Peterson’s current insurer. The Court will construe this aspect of Peterson’s motion as seeking a preliminary injunction, as it has nothing to do with the scope of discovery and does not concern communications with class members.[5] This part of Peterson’s request fails for several reasons.
--------------------------------------------
 
[5] Peterson’s reliance on Chambers is misplaced, as that decision concerned limits placed on a class-action defendants’ communications with class members. See Chambers v. RDI Logistics, Inc., 476 Mass. 95, 111 (2016)
 
                                                            -4-
 
First, Peterson may not seek injunctive relief that is not tethered to any claim or counterclaim by Peterson against class members.
To obtain preliminary injunctive relief, “the applicant must show a likelihood of success on the merits of the underlying claim; actual or threatened irreparable harm in the absence of injunction; and a lesser degree of irreparable harm to the opposing party from the imposition of an injunction.” Wilson v. Commissioner of Transitional Assistance, 441 Mass. 846, 860 (2004).
The filing of a meritorious claim or counterclaim is therefore a condition precedent to seeking injunctive relief. See, e.g., Litton Industries, Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1979) (injunction “must be based on a valid cause of action alleged in the complaint”); Goerlitz v. City of Maryville, 333 S.W.3d 450, 455 (Mo. 2011) (en banc) (“an injunction is a remedy and not a cause of action; therefore, it must be based on some recognized and pleaded legal theory”); see also Mullins v. Corcoran, 488 Mass. 275, 286 n.16 (2021) (“Injunctive relief is a remedy, and not a cause of action.”).
Peterson cannot demonstrate a likelihood of success on the merits as to a claim that it has not asserted. “[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action…. ‘There is no such thing as a suit for a traditional injunction in the abstract.” Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1118, 1127 (11th Cir. 2005), quoting Klay v. United Healthgroup, Inc. 376 F.3d 1092, 1097 (11th Cir. 2004).
Second, for the reasons discussed in § 2.1 above, Peterson’s assertion that the Plaintiffs have no right to contact Peterson’s current insurer is without merit. The class includes members who claim to have been damaged by Peterson’s delivery of high-biodiesel heating fuel since Peterson’s current insurance policy took effect in July 2024. Peterson’s observation that none of the named Plaintiffs has alleged facts to support a claim that falls within the current coverage period is beside the point.
The Court therefore exercises its broad discretion to deny the Peterson Oil defendant’s request for relief in the nature of a preliminary injunction. Cf. Lightlab Imaging, Inc. v. Axsun Technologies, Inc., 469 Mass. 181, 194 (2014) (“Trial judges have broad discretion to grant or deny injunctive relief.”).
3. Plaintiffs’ Cross-Motion to Compel. In their cross-motion, Plaintiffs ask the Court to order Peterson to produce its insurance policies for the 2022 to 2023 policy period and its excess insurance policy for the 2023 to 2024 period.
 
                                                            -5-
 
Peterson has mustered no argument why it may withhold those policies. The Court will order that they be produced and set a prompt deadline for Peterson to do so.
ORDER
Peterson Oil Defendants’ motion for protective order (docket no. 280) is denied. Plaintiffs’ cross motion to compel is allowed. The Court further orders that Peterson Oil Services, Inc., shall produce its insurance policies for the 2022 to 2023 policy period and its excess insurance policy for the 2023 to 2024 period no later than February 21, 2025.