Lauriat, J.
The plaintiffs, Gail Baker Johnson and Melvin E. Baker (“the plaintiffs”), brought this action against the defendants White & Quinn Insurance Agency (“White & Quinn”) and Trust Insurance Company (“Trust”) for alleged breach of contract by Trust (Count I), violation of G.L.c. 93A against Trust and White & Quinn (Count II), and negligence on the part of White & Quinn (Count III), all arising from Trust’s alleged rejection of the plaintiffs’ insurance claim. White & Quinn has now moved for summary judgment in its favor on the ground that it owed no duty as an insurance agent to the plaintiffs either contractually or at common law. For the following reasons, White & Quinn’s motion for summary judgment is allowed.
BACKGROUND
The following facts are drawn form the summary judgment record. Although several facts are disputed, those facts are not material to the resolution of the present motion.
On or about January 15, 1962, Lawyer Baker purchased the real property at 220 Magnolia Street, Boston, Massachusetts. At the same time, Gail Baker Johnson, Lawyer Baker’s daughter, began residing at 220 Magnolia Street. On or about December 5, 1991, Lawyer Baker died. Sometime that same year, Melvin Baker, Lawyer Baker’s son, began residing at 220 Magnolia Street.
*238 Plaintiffs allege that sometime in 1991, Lawyer Baker purchased a homeowner’s insurance policy for his property at 220 Magnolia Street. White & Quinn asserts that in 1993, the Boston Bank of Commerce (“the Bank”), the mortgagee of the property, purchased a homeowner’s policy on the property through White & Quinn as agent for the Commerce Insurance Company (“Commerce”). The policy was renewed on a yearly basis thereafter. The plaintiffs paid the annual premium through an escrow procedure with the Bank. In' 1997, White & Quinn notified Lawyer Baker by letter that it had severed its relationship with Commerce, and that it intended to place the insurance policy on 220 Magnolia Street with Trust.
The plaintiffs allege that in 1991, after the death of their father, someone from White & Quinn went to the house at 220 Magnolia Street and was advised that Lawyer Baker had died. They rely on excerpts from the deposition of Melvin Baker, in which he stated that the alleged representative from White & Quinn was informed by Melvin’s brother, Marvin, in Melvin’s presence, that Lawyer Baker had died and was asked by Marvin if anything had to be changed on the insurance policy. Melvin further testified that the representative said, “you don’t have to change anything.” White & Quinn denies the occurrence of the event and the alleged conversation between Marvin and its representative, noting that the Bank did not purchase a homeowner’s insurance policy on 220 Magnolia Street until 1993.
On May 13, 1998, the property at 220 Magnolia Street was damaged by fire. The plaintiffs filed a claim with Trust under the homeowner’s insurance policy, but as of this date, Trust has refused to honor that claim.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case, or by “demonstrating that proof of that element is unlikely at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “Ifthe moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment. Pederson, 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgement. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In ruling on a motion for summary judgment, the court must not consider the “credibility of the witnesses or the weight of the evidence, nor should the [court] make findings of fact.” Riley v. Presnell, 409 Mass. 239, 244 (1991), citing Attorney General v. Am., 386 Mass. 367, 370 (1982). However, the rules require that affidavits used to support or oppose a summary judgment motion, “be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters therein.” Mass.R.Civ.P. 56(e); See Symmons v. O’Keefe, 419 Mass. 288, 295 (1995) (hearsay in affidavit is unacceptable); McKenzie v. Brigham & Women’s Hospital, 405 Mass. 432, 437 (1989) (deposition testimony which would be inadmissible at trial is unacceptable for purposes of summary judgment motion).
The plaintiffs first assert that Trust’s refusal to honor their claim for fire damage at 220 Magnolia Street is due to White & Quinn’s negligence (Count III). Essentially, the plaintiffs contend that White & Quinn had knowledge of Lawyer Baker’s death, yet negligently continued to maintain a policy of homeowner’s insurance on the property at 220 Magnolia Street in his name. White & Quinn contends that it had no knowledge of Lawyer Baker’s death prior to the fire, and that it had no duty or special relationship which would require it to inquire into Lawyer Baker’s status.
An insurance broker who is an agent for an insured is generally bound to use due care in implementing the agency relationship. Rae v. Air Speed, Inc., 386 Mass. 187, 192 (1982). In Massachusetts, there is no special relationship that arises between an insurance agent and the insured. Baldwin Crane & Equipment Corp. v. Riley & Riley Ins. Agency, Inc., 44 Mass.App.Ct. 29, 32, review denied 427 Mass. 1101 (1997). The relationship between an insurance broker and the insured is not normally thought to be fiduciary in nature, absent “special circumstances of assertion, representation andreliance.” Id., quoting Bicknell, Inc. v. Havlin, 9 Mass.App.Ct. 497, 500-01 (1980). “An expanded agency agreement, arrangement or relationship, sufficient to require a greater duty from the agent than the general duty, generally exists when the agent holds himself out as an insurance specialist, consultant or counselor and is receiving compensation for consultation and advice apart from premiums paid by the interest.” Baldwin, 44 Mass.App.Ct. 29, 32, quoting Sandbulte v. Farm Bureau Mut. Ins. Co., 343 N.W.2d 457, 464-65 (Iowa 1984).
Based on the summary judgment record, this court concludes that there was no special relationship, or *239 even a general relationship, between White & Quinn and the plaintiffs which would give rise to a duty to the plaintiffs on the part of White & Quinn. See Baldwin, 44 Mass.App.Ct. at 31-32. Although an insured is entitled to rely on his broker or agent, the plaintiffs in this case were not the insureds. White & Quinn’s duty, if any, was to the Boston Bank of Commerce as the authorized representative of Lawyer Baker, or to Lawyer Baker himself.
Plaintiffs’ evidence of the alleged encounter at 220 Magnolia Street in 1991 with White & Quinn’s representative following Lawyer Baker’s death cannot be considered an assertion, representation, or reliance which could trigger a duty on the part of the insurance agency. See Rapp v. Lester L. Burdick, Inc., 336 Mass. 438, 442 (1957). Moreover, the statements referenced in Melvin Baker’s deposition constitute inadmissible hearsay and therefore cannot be considered as part of the summary judgment record. See McKenzie, 405 Mass. at 437-38. Plaintiffs have therefore not submitted any evidence that establishes a genuine issue of material fact bearing on the duty of White & Quinn toward the plaintiffs.
Finally, the plaintiffs’ G.L.c. 93A claim against White & Quinn alleges no unfair and deceptive acts or practices independent of those which form the basis for their underlying claim of negligence. White & Quinn’s motion for summary judgment must therefore be allowed in its favor on Counts II and III of the Complaint.
ORDER
For the foregoing reasons, Defendant, White & Quinn Insurance Agency, Inc.’s Motion for Summary Judgment is ALLOWED, and judgment shall enter in favor of defendant White & Quinn on Counts II and III of the Complaint.