# THE PATTERSON AGENCY, INC. ET AL. v. ROSALIE L. TURNER

[No. 885, September Term, 1976.]

*Decided April 14, 1977.*

The cause was argued before GILBERT, C. J., and MORTON and POWERS, JJ.

*John H. Urner,* with whom were *Byron, Moylan & Urner* on the brief, for appellants.

*Omer T. Kaylor, Jr.* and *William C. Wantz,* with whom were *Kaylor & Spence* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

A judgment was entered on a jury verdict against John C. Patterson, Sr. (Patterson) and the Patterson Agency, Inc., (Agency) for the sum of fifty thousand dollars ($50,000) in the Circuit Court for Washington County on an action of negligence brought by Rosalie L. Turner (Mrs. Turner). Aggrieved by the judgment, Patterson and Agency have both appealed to this Court charging that Judge Irvine H. Rutledge erred in: 1) admitting evidence of a telephone conversation between Irvin Turner (Turner), the deceased husband of Rosalie L. Turner, and Patterson concerning a travel insurance policy; 2) failing to require Mrs. Turner to prove that an insurance policy covering a single trip on a private plane could have been procured; and 3) failing to require Mrs. Turner to prove that her husband had flown in a private plane.

We perceive no merit in any of the three allegations of error, and we shall affirm. We explain our reasons.

There was evidence showing that on March 28, 1974, Turner, in the presence of Mrs. Turner, his foster daughter, and his foster daughter's mother-in-law, telephoned Patterson and requested flight insurance. The witnesses, except Patterson, all testified that Turner made it clear in his part of the telephone conversation, which they could all plainly hear, that he was flying in a private plane with Paul Erickson to Las Vegas, Nevada. In fact, there was some testimony that Patterson was invited to go along on the trip as there was an extra seat on the plane. Patterson, himself, completed the application for the insurance and signed Turner's name to it. The policy issued by Patterson, a broker, was a General Accident Fire and Life Assurance,

Limited (General) policy which specifically excluded coverage for flights on private planes.

Patterson asserted that he was led to believe that the flight was on a commercial liner and not on a private plane.

Tragedy struck the next day when the plane crashed and all aboard were killed. General refunded Mrs. Turner's check of $20.45 for the premium and denied coverage by virtue of the exclusionary provision of its policy.

Mrs. Turner sued Patterson, his son, Raymond, and the Agency. Those three impleaded General as a third party defendant. At the conclusion of the evidence, Judge Rutledge granted directed verdicts for Raymond and General. Neither is involved in this appeal.

I.

"The lower court erred in admitting hearsay testimony regarding the telephone conversation held between Irvin Turner and John Patterson, Sr."

*McCormick's Handbook of the Law of Evidence* § 246 (2d ed. E. Cleary 1972) defines hearsay as

"[T]estimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." (Footnote omitted.) (Emphasis omitted.)

Patterson and Agency contend that the statements of Mrs. Turner and her foster daughter's mother-in-law, with respect to what they heard of the conversation between Turner and Patterson, were inadmissible hearsay because they were offered to "show the truth of matters asserted" by Turner as to the type of airplane to be used. Mrs. Turner, on the other hand, suggests that the testimony was admissible because it was offered not to show the truth of the matters asserted but rather to show that Patterson and, through him, Agency were put on notice that the risk to be covered was a flight in a private aircraft.

This Court, in *Sun Cab Co. v. Walston,* 15 Md. App. 113, 132, 289 A. 2d 804, 815 (1972), *aff'd,* 267 Md. 559, 298 A. 2d 391 (1973), held that a statement made by a police officer that he was told a cab had been struck in the rear was not hearsay. We relied on McCormick, *Handbook of the Law of Evidence* § 226 (1954), where it is said, ". . . 'hearsay' [should be limited] to situations where the out-of-court assertion is offered as equivalent to testimony to the facts so asserted by a witness on the stand. Only then does the want of such safeguards as cross-examination become material." *See also Arundel Corp. v. Jasper,* 219 Md. 519, 150 A. 2d 415 (1959); *Bowie v. Martin,* 199 Md. 58, 85 A. 2d 786 (1952); *Borza v. State,* 25 Md. App. 391, 335 A. 2d 142 (1975); 2 B. Jones, *The Law of Evidence* § 271 (5th rev. ed. S. Gard 1958). Testimony concerning the telephone conversation was not admitted to show the truth of whether Turner flew on a private plane but rather whether Turner told Patterson he was going to fly on a private plane. Such testimony is admissible according to *Creaghe v. Iowa Home Mutual Casualty Co.,* 323 F. 2d 981, 984 (10th Cir. 1963):

> "The hearsay rule does not exclude *relevant* testimony as to what the contracting parties said with respect to the making or the terms of an oral agreement. The presence or absence of such words and statements of themselves are part of the issues in the case. The use of such testimony does not require a reliance by the jury or the judge upon the competency of the person who originally made the statements for the truth of their content. Neither the truth of the statements nor their accuracy are then involved."

*Willner v. Silverman,* 109 Md. 341, 71 A. 962 (1909), relied upon by Patterson and Agency, is factually inapposite. In that case, the Court of Appeals held that a witness, who was in an office when a telephone conversation was conducted by a participant, cannot testify as to the conversation because the participant repeated the conversation to the witness.

The challenged testimony in the instant case was not

hearsay. It was properly admitted evidence. There is no error.

## II.

"The lower court erred in not requiring . . . [Mrs. Turner] to prove that a policy of single trip, private plane passenger life insurance could be procured and that . . . [Patterson's and Agency's] negligence was the proximate cause of damages in the amount of $50,000."

At trial, Mrs. Turner presented no evidence as to the availability of flight insurance on trips on private planes. Patterson, however, testified that he could not have secured such insurance. After the trial, but within the time permitted by Md. Rule 563, Patterson and Agency moved for a judgment N.O.V. on the ground that Mrs. Turner had not carried her burden of proof. They reasoned that her failure to demonstrate the availability of insurance on private plane flights precluded recovery. Judge Rutledge disagreed, and so do we.

Annot., 64 A.L.R.3d 398, 407 (1975), indicates that a split of authority exists as to who bears the burden of proof on the availability of insurance:

"In addition to being required to establish the existence of a duty to procure insurance and its breach, the plaintiff in an action against an agent or broker for failure to procure insurance has often been required to show that there was a casual [sic] [1] relationship between the negligence of the agent and the loss suffered by the client. In several jurisdictions, the causation requirement has been a formidable barrier to recovery, which has prevented a finding of liability against the agent or broker unless the client is able to clearly show that were it not for the agent's negligence, he would have been issued a valid policy which would have

---

1. The author of this annotation must have intended this word to be "causal."

protected him against the loss which he suffered." (Footnote omitted.)

*MacDonald v. Carpenter & Pelton, Inc.,* 31 App. Div. 2d 952, 298 N.Y.S.2d 780 (1969); *Pacific Dredging Co. v. Hurley,* 65 Wash. 2d 394, 397 P. 2d 819 (1964).

> "However, a few courts, recognizing that the question of whether a valid policy would have been issued is a matter peculiarly within the knowledge of the agent or broker, have concluded that causation need not be proved by the client and will only enter the case if the issue is raised by the agent as an affirmative defense." Annot., 64 A.L.R.3d 398, 407 (1975).

*Hans Coiffures International, Inc. v. Hejna,* 469 S.W.2d 38 (Mo. App. 1971); *Scott v. Conner,* 403 S.W.2d 453 (Tex. Civ. App. 1966).

We have not been directed to, nor have we found, any Maryland appellate decisions which have heretofore considered whether the claimant or the insurer carries the burden of proving the availability *vel non* of the insurance coverage.

It is suggested in Note, *Burden of Proof of Excepted Causes in Insurance Policies,* 46 Colum. L. Rev. 802 (1946), that the majority view is that proof of a loss which is due to an excepted cause is in the nature of an affirmative defense to be proved by the insurer. 6 Baylor L. Rev. 238 (1954) states that, when concurring causes of damage appear, and one loss is covered but the other is not, the burden of proving that the loss insured against is not within the coverage rests upon the insurer.[2]

---

2. We repeat what Mr. Justice Stone stated in Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U. S. 80, 84-85, 54 S. Ct. 590, 592, 78 L. Ed. 1137, 1140 (1934):

"The phraseology of contracts of insurance is that chosen by the insurer and the contract in fixed form is tendered to the prospective policy holder who is often without technical training, and who rarely accepts it with a lawyer at his elbow."

*See* Insurance Company of North America v. State Farm Mutual Automobile Insurance Co., 35 Md. App. 402 (1977).

We think that burden of proving the non-availability should be shouldered by the insurer, in the nature of an affirmative defense.

In the instant case, not only was that burden not met, but the only evidence offered by Patterson and Agency is that Patterson could not provide the private plane flight insurance. At no time was it ever shown that such insurance was not available. Testimony by Patterson that he could not supply the particular insurance is a far cry from evidence demonstrating that such insurance is not elsewhere available.

Annot., 18 A.L.R. 1214 (1922), declares:

> "It may be laid down as a general rule that a broker or agent who, with a view to compensation for his services, undertakes to procure insurance on the property of another, and who fails to do so, will be held liable for any damage resulting therefrom."

The same rule applies to a broker or agent who undertakes for compensation to procure flight insurance on the life of another.

When, as here, the agent or broker fails to procure the insurance, and an intervening casualty occurs before the agent or broker can notify his principal of non-availability so that insurance might be obtained from another, the agent or broker is liable to the insured, his estate, or those claiming under him in the amount that would have been due under the policy had it been obtained. *See generally* Annot., 18 A.L.R. 1214, 1219 (1922); 4 J. Appleman, *Insurance Law and Practice* § 2269 (1969); 12 J. Appleman, *Insurance Law and Practice* § 7203 (1943).

III.

> "The lower court erred in failing to require . . . [Mrs. Turner] to prove that Mr. Turner had flown in a private plane."

The record discloses that Patterson was asked on cross-examination, "Did he [Turner], in fact, fly by private

flight?" Patterson replied, "I understand he did." We believe this response allowed the jury to draw a rational inference that Turner had indeed flown in Paul Erickson's private plane. We perceive no error.

*Judgment affirmed.*

*Costs to be paid by appellants.*