CHRISTINE RAE, individually and as administratrix, vs.
AIR-SPEED, INC. & others.[1]

Middlesex. January 8, 1982. — May 10, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Motion to dismiss. *Actionable Tort. Negligence,* In ob-
taining insurance policy. *Contract,* Parties, To obtain insurance.
*Workmen's Compensation,* Failure to obtain insurance.

A potential beneficiary of a workmen's compensation insurance policy
may recover in tort against an insurance agent for negligence in failing
to procure a policy of insurance under which the potential beneficiary
would have been able to recover if the policy had been procured.
[192-193]
A potential beneficiary of a workmen's compensation insurance policy
may recover as a third-party beneficiary of a contract to obtain in-
surance between the insurance agent and the employer when the agent
fails to procure the insurance coverage under which the potential
beneficiary would have been able to recover if the policy had been
procured. [193-196]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 7, 1980.

The case was heard by *Meyer,* J., on motion to dismiss.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Robert E. Keane* for the plaintiff.

---

[1] Air-Speed, Inc., Executive Airlines, Inc., and Kermit Mitchell (alleg-
edly the president and principal stockholder of both corporations) were
named as defendants in Rae's original complaint. She brought suit against
these defendants both in her capacity as administratrix of her husband's
estate, and individually. Rae later amended her complaint to add Hans-
man McAvoy & Co., Inc., as a defendant; she brought suit against this de-
fendant solely in her capacity as administratrix.

*Richard R. Eurich* (*Michael A. Pezza, Jr.*, with him) for Hansman McAvoy & Co., Inc.

LYNCH, J.  Christine Rae, as administratrix of the estate of her husband, Thomas Rae, appeals from the granting of partial summary judgment against her, in favor of Hansman McAvoy & Co., Inc. (Hansman), an insurance agent and broker.  Thomas Rae, while employed by the defendant Air-Speed, Inc. (Air-Speed), died in the crash of an aircraft owned by the defendant Executive Airlines, Inc. (Executive), and leased to Air-Speed.  The circumstances surrounding the accident are described in *Ranger Ins. Co. v. Air-Speed, Inc.*, 9 Mass. App. Ct. 403 (1980).  On August 7, 1980, Rae filed suit, on her own behalf and as administratrix for the estate of her husband, against Air-Speed, Executive, and Kermit Mitchell (whom she described as the president and principal stockholder of both corporate defendants), alleging a violation of G. L. c. 152 (failure to provide workers' compensation insurance) and negligence (in requiring Thomas Rae to fly an aircraft not properly supplied with fuel).

On August 11, 1980, Rae, in her capacity as administratrix, amended her complaint to add Hansman as a defendant.  In her first count against Hansman, Rae alleged that (1) "sometime in the early summer of 1977 [Hansman was] hired by . . . Air-Speed . . . and Executive . . . for the purposes of placing Workmen's Compensation insurance coverage"; (2) Hansman notified Air-Speed that workers' compensation coverage became effective on July 14, 1977; and (3) "[Hansman] negligently failed to forward premium payments to Liberty Mutual [Life] Insurance Company knowing that it had a duty to do so to both . . . Air-Speed . . . and [Air-Speed's] employees."  In support of her negligence count, Rae appended to her complaint a copy of the "notice" of insurance coverage referred to in that complaint.  This notice is printed on the following page.

In her second count against Hansman, Rae alleged that (1) in the early summer of 1977 Hansman and Air-Speed entered into a contract whereby Hansman was to place

Rae *v.* Air-Speed, Inc.

| Date of Invoice | Renewal Date | Premiums are due and payable on effective date of coverage | | |
|---|---|---|---|---|
| 9/14/77 | 7/14/78 | | | |

| Effective Date | Policy Number | Company | Coverage | Premium | Credit | Amount Due |
|---|---|---|---|---|---|---|
| 7/14/77 | | Liberty Mutual-Workers' Comp. Deposit Premium | | $776.00 | | $776.00 |
| | | Hansman McAvoy & Co. | | | | |

PLEASE RETURN BOTTOM PORTION WITH PAYMENT.

Assured's Code    01853671

To    Airspeed Inc., d/b/a Executive Airlines
4 Brattle St.
Cambridge, MA

HANSMAN
McAVOY & CO.

140 Federal Street
Boston, MA 02110
(617) 482-0852

workers' compensation insurance on behalf of Air-Speed
"and for the benefit of the plaintiff's intestate who was an
employee of" Air-Speed, and (2) Hansman breached its con-
tract by failing to obtain this insurance, thereby causing
damage to Rae's decedent, who would otherwise have been
entitled to recovery under G. L. c. 152. On each count of
her complaint against Hansman, Rae sought $750,000 in
damages.

On October 3, 1980, Hansman filed a motion under
Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), to dismiss
so much of Rae's complaint as alleged claims against it, on
the ground that Rae had failed to state a claim on which
relief could be granted. Hansman asserted that it owed no
duty to the plaintiff's decedent, and that the plaintiff's
decedent was neither a party to, nor a creditor beneficiary
of, any alleged contract which might have existed between
Hansman and Air-Speed. On October 20, 1980, a judge of
the Superior Court in Middlesex County granted Hansman's
motion and entered judgment dismissing, without leave to
amend, so much of Rae's complaint as alleged claims
against Hansman. Hansman's subsequent motion for a sep-
arate and final judgment under Mass. R. Civ. P. 54 (b), 365
Mass. 820 (1974), was entered on November 18, 1980. Rae
appealed these judgments to the Appeals Court. We took
the case on our own motion. We reverse the judgments
which dismissed Rae's claims against Hansman, but only in
so far as those judgments denied Rae leave to amend her
complaint. We remand the case to the Superior Court in
Middlesex County for further proceedings.[2]

---

[2] In Rae's amended complaint, which added the counts against Hans-
man, she sued as administratrix for the estate of her deceased husband.
From all that appears in the record, Rae's husband was not disabled by an
occupational accident, but rather died instantly. Massachusetts workers'
compensation law, under such circumstances, permits recovery only by
the dependents of the deceased employee; the employee's estate does not
have a claim against the workers' compensation insurer. G. L. c. 152,
§§ 31 and 32. See L. Locke, Workmen's Compensation § 371 (2d ed.
1981). If Rae is to recover against Hansman on either of her counts, she
must therefore amend her complaint to add herself, individually, as plain-
tiff, with respect to those counts.

2. *Standard of review of judgments on the pleadings.* In testing the correctness of a judgment dismissing a complaint for failure to state a claim on which relief can be granted, we accept as true all of the allegations of the complaint and all reasonable inferences which may be drawn from the complaint and which are favorable to the party whose claims have been dismissed. *Jones* v. *Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 388 (1975). Further, a motion to dismiss a complaint on such grounds should not be allowed unless it appears certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of the claim. *Romano* v. *Sacknoff,* 4 Mass. App. Ct. 862 (1976).

3. *Dismissal for defective pleading.* Hansman contends that, as a matter of pleading, Rae's negligence count is fatally defective in that she failed to allege either that Hansman agreed to pay the premiums for workers' compensation insurance directly to the insurance company which apparently was to issue the workers' compensation policy, or that Air-Speed had made payments to Hansman which Hansman negligently failed to forward to the insurance company. We agree that it would have been preferable for Rae to have been more specific. A trial judge, in his discretion, reasonably could have concluded (for example) that Rae's allegation of a negligent failure to forward payments would not support the introduction of evidence tending to show that Hansman agreed to pay premiums directly to the insurance company but negligently failed to do so. Under Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), however, "leave to amend 'shall be freely given when justice so requires.'" *Consumers Sav. Bank* v. *Coven,* 8 Mass. App. Ct. 594, 598 (1979). The judge's dismissal of Rae's negligence count may reflect, therefor, only his agreement with Hansman's assertions regarding the substantive law underlying Rae's claims, rather than dissatisfaction with the form of her allegations. We next discuss whether, under the law of negligence, Rae could prevail against Hansman if she were allowed to amend her complaint.

4. *Recovery against insurance agent by potential beneficiary of workers' compensation insurance policy for negligently failing to procure policy.* The "well settled rule [is] that an insurance agent or broker who, with a view to compensation for his services, undertakes to procure insurance for another, and through his fault and neglect fails to do so, will be held liable for any damage resulting therefrom." Annot., 64 A.L.R.3d 398, 404, 410 (1975), and cases cited. Massachusetts law, in accordance with the general rule, clearly permits a potential insured (Air-Speed, in this case) to recover in tort for the failure of an insurance agent to perform his duty to obtain an insurance policy. See *Rayden Eng'r Corp.* v. *Church*, 337 Mass. 652, 660 (1958). Neither the plaintiff nor the defendant has cited any Massachusetts case in which a potential beneficiary has sued an insurance agent directly for failure to procure a policy of insurance under which the potential beneficiary would have been able to recover if the policy had been procured, and we have found none. That, of course, does not end the matter. "No litigant is automatically denied relief solely because he presents a question on which there is no Massachusetts judicial precedent. . . . The courts must, and do, have the continuing power and competence to answer novel questions of law arising under ever changing conditions of the society which the law is intended to serve." *George* v. *Jordan Marsh Co.*, 359 Mass. 244, 249 (1971).

Hansman contends that it owed no duty to the plaintiff or her decedent, and that any duty that might exist was owed solely to the decedent's employer. We do not agree.

Professor Prosser offers some support for the plaintiff's position. He states that, "by entering into a contract with A, the defendant may place himself in such a relationship with B that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that B will not be injured." W. Prosser, Torts § 93, at 622 (4th ed. 1971). Liability under such a tort theory is the rule today in cases involving negligently made chattels. See *Carter* v. *Yardley & Co.*, 319 Mass. 92, 96-97, 104 (1946).

This court recently extended the *Carter* decision to encompass not only negligently made chattels, but also negligent construction of real property. *McDonough* v. *Whalen,* 365 Mass. 506, 512 (1974) ("Liability will be imposed . . . only if it is foreseeable that the contractor's work, if negligently done, may cause damage to the property or injury to the persons living on or using the premises"). This court has also allowed recovery for the negligent furnishing of services to one not a party to the contract where the defendant knew that the plaintiff would rely on his services. *Craig* v. *Everett M. Brooks Co.,* 351 Mass. 497, 501 (1967).

These decisions lead us to conclude that if the plaintiff's harm was the foreseeable result of Hansman's negligence, the plaintiff has established a cause of action in negligence. Hansman's conduct would constitute the foreseeable cause of the plaintiff's harm unless it appears extraordinary that the conduct should have brought about that harm. Restatement (Second) of Torts § 435 (2) (1965). See *id.* at Comment b ("if the actor should have realized that his conduct might cause harm to another in substantially the manner in which it is brought about, the harm is universally regarded as the legal consequence of the actor's negligence"). Although a failure to obtain workers' compensation insurance would not cause harm in every case to an injured employee or his dependents, it certainly could not be said to be extraordinary if harm to those parties arose out of the failure to obtain such insurance. It follows, therefore, that the harm suffered by the plaintiff might well have been the foreseeable consequence of the defendant's negligent conduct. If negligence can be proved, there is no logical reason to deny recovery in this case while allowing it on the facts underlying the court's decisions in *McDonough* v. *Whalen, supra,* and *Craig* v. *Everett M. Brooks Co., supra.* For this reason, the plaintiff should have been given leave to amend the allegations contained in the negligence count of her complaint against Hansman.

5. *Recovery by plaintiff as third-party beneficiary against insurance agent for breach of contract to obtain insurance.*

Rae, in her contract count, asserts that she may recover against Hansman as a third-party beneficiary of an alleged contract between Hansman and Air-Speed whereby Hansman agreed to obtain workers' compensation insurance covering Air-Speed's employees. Hansman contends that Massachusetts law does not permit such recovery. We assume, for the purpose of determining the propriety of the judgments dismissing Rae's claims against Hansman, that such a contract can be proved to exist. Hansman does not dispute that, if sufficient facts were proved, Air-Speed could recover against it for breach of a contract to obtain insurance. See *Cass* v. *Lord*, 236 Mass. 430, 432 (1920).

In *Choate, Hall & Stewart* v. *SCA Servs., Inc.*, 378 Mass. 535, 536 (1979), the court set aside the Massachusetts rule preventing persons not parties to a contract from bringing suit on that contract, and permitted an "intended" beneficiary of the "creditor" type to sue a promisor. Hansman asserts that Rae cannot bring suit against it on the contract because Rae is not a "creditor beneficiary"; indeed, Hansman insists that Rae and her decedent are not intended beneficiaries of any type.

We agree that Rae and her decedent are not creditor beneficiaries. The Restatement (Second) of Contracts § 302 (1981) includes this type of beneficiary under subsection (1) (a). See *id.* at § 302, Comment b. Section 302 (1) states that, "[u]nless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." When the promisee's obligation to the beneficiary is "less liquid" than an obligation easily convertible into money, the obligation falls under subsection (1) (b). *Id.* at § 302, Comment b. The obligation which Rae asserts that Air-Speed owed to her and her decedent is not

easily convertible into money; that obligation appears, therefore, to fall under subsection (1) (b).

Although Rae and her decedent are not creditor beneficiaries, we do not believe that fact alone should prevent Rae from recovering on her contract count. We now adopt the rule set forth in the Restatement (Second) of Contracts § 302, with regard to both creditor and other types of intended beneficiaries. In so doing, we recognize again the principle of law that, "when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement." *Brewer* v. *Dyer*, 7 Cush. 337, 340 (1851). We do not hesitate to apply this principle "retroactively" to the case before us. As the court stated in *Choate, Hall & Stewart* v. *SCA Servs., Inc.*, *supra* at 546, "the handwriting has long been on the wall."

We next determine whether Rae and her decedent were intended beneficiaries of the alleged contract between Hansman and Air-Speed to obtain insurance. We conclude that they were. Rae has alleged that Hansman and Air-Speed entered into the contract "for the benefit of" her decedent. Assuming, as we must, the truth of this allegation, the plaintiff's decedent clearly was an intended beneficiary of the contract.[3] Rae, as a statutory dependent of

---

[3] We note also that the promisee (Air-Speed) had a duty, created by G. L. c. 152, to obtain workers' compensation coverage for its employees. See *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 27 (1979) ("With workmen's compensation, the employee and the employee's family acquire a limited, though substantial, right to be insured against the grievous financial impact that may result from injury in the workplace"). Promises, encompassed by the rule set forth in the Restatement (Second) of Contracts § 302 (1981), include "a promise to perform a supposed or asserted duty of the promisee. . . . In such cases, if the beneficiary would be reasonable in relying on the promise as manifesting an intent to confer a right on him [to enforce the promise], he is an intended beneficiary." *Id.* at Comment d. See *Eschle* v. *Eastern Freight Ways, Inc.*, 128 N.J. Super. 299 (1974) (compulsory automobile insurance law created obligation); *Mercado* v. *Mitchell*, 83 Wis. 2d 17, 28-29 (1977) (city ordinance created obligation).

an employee (see G. L. c. 152, §§ 32 and 33), would have received workers' compensation benefits if an appropriate insurance policy had been in effect at the date of her husband's death, although her husband's estate would not receive such benefits. We believe that Rae could also be considered an intended beneficiary of the alleged contract between Air-Speed and Hansman. See *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 27 (1979). Rae should be permitted to amend her complaint to add herself, individually, as plaintiff, with respect to her contract count.

In holding that Rae may proceed with her suit against Hansman on the third-party beneficiary theory, we do not intend to preclude Hansman from raising any defenses it may have had against Air-Speed, since Rae, in enforcing the contract, "stands in the shoes" of Air-Speed. See Restatement (Second) of Contracts § 309 (1981). Further, although Rae possibly may recover against Hansman under either a contract or a negligence theory, or both, her total recovery against Hansman is limited by the amount she proves that she would have recovered if Hansman had performed its obligations under the contract and Rae's decedent had been covered by a workers' compensation policy at the time he died. See *Patterson Agency, Inc.* v. *Turner*, 35 Md. App. 651, 657 (1976); 4 J. Appleman, Insurance Law and Practice § 2269 (rev. ed. 1969). Double recovery (i.e. recovery of the full amount, under each theory, that Rae proves would have been available to her as a workers' compensation claimant) will not be permitted. *Keller Lorenz Co.* v. *Insurance Assocs. Corp.*, 98 Idaho 678, 681 (1977).

6. *Conclusion.* The judgments entered against the plaintiff on October 20, 1980, and November 18, 1980, are reversed and the case is remanded to the Superior Court in Middlesex County for proceedings consistent with this opinion.

*So ordered.*