McCann, J.
INTRODUCTION
The plaintiff, R.E. Leveillee Woodworking, Inc. (Leveillee), is represented by John A. Cvejanovich, Esq., O’Connell, Flaherty & Attmore, 1350 Main Street, 3rd Floor, Springfield, Massachusetts 01103. The defendants Gary Costello (Costello) and Rome Insurance Agency, Inc. (Rome) are represented by John M. Nataro, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, Massachusetts 02210.
BACKGROUND
In this matter, the plaintiff, Leveillee Woodworking, Inc., has brought suit against the defendants, Costello, an insurance broker for Rome Insurance Agency (Rome) and Rome. The claim is for the defendants’ failure to procure workers’ compensation insurance for the plaintiff, covering workers outside of Massachusetts, and for failure of the defendant to inform the plaintiff of this gap in its coverage. Because of the purported gap in coverage, an employee, John Hartley (employee), who was injured while working in New York was not covered under Leveillee's policy. The worker’s claim was paid by New York’s Uninsured Fund. That fund seeks reimbursement against Leveillee.
The Complaint is in 8 Counts. Count I — negligent failure to obtain coverage against Costello; Count II — vicarious liability against Rome; Count III — negligent failure to inform of the lack in coverage against Costello; Count IV — vicarious liability against Rome; Count V — chapter 93A against Costello; Count VI— chapter 93A against Rome; Count VII — declaratory judgment against Costello for future damages which may occur as a result of the employee’s workers' compensation claim; Count VIII — declaratory judgment against Rome.
The plaintiff moves for summary judgment on Counts I, II, III, IV, VII & VIII, liability only. The defendant filed a cross motion for summary judgment on all Counts.
FACTS
Leveillee is a woodworking búsiness located in Spencer, Massachusetts. Leveillee occasionally does work outside of Massachusetts.
Prior to 1992, Leveillee’s workers’ compensation insurance was issued by Aetna Insurance Company; Leveillee’s insurance broker then was Mid-State Insurance Agency, Inc.
Some time during 1991-92, Costello, an insurance broker for Rome, began to actively pursue Leveillee’s business. Leveillee allowed Rome to take over as its insurance broker.
Leveillee made it clear that it wanted the same coverage it had in the past but never specifically told Costello that “other states coverage” was needed. Past coverage included “other states coverage” that included coverage for New York. Costello agreed to establish the same coverage. He knew what the past coverage was through reviewing the old policies and speaking with Mr. Leveillee.
Leveillee never told Costello it intended to hire outside employees in other states, but Costello was aware that Leveillee occasionally worked outside of Massachusetts, and was also aware that Leveillee used out-of-state temporary employees.
Although temporary employees’ insurance is generally provided by the temporary employment agencies, the plaintiff claims that Leveillee is still liable for workers’ compensation claims by these employees.
Costello first procured workers’ compensation coverage on behalf of Leveillee for the January 1, 1993-January 1, 1994 term, through Aetna Insurance. This policy had “other states coverage” which included New York. Costello again procured this same coverage for the January 1, 1994-January 1, 1995 term, again using Aetna. During the 1995-96 term, the defendant procured a policy through Travelers Insurance, but on April 25, 1995, Costello procured coverage through Arbella Insurance Company. The Travelers policy and the Arbella policy did not have “other states coverage” that included New York State.
Costello never specifically told Leveillee of this gap in coverage, though he did forward the policy statements to Leveillee, and asked him to review them. The policies stated that if coverage outside the state was needed to contact the insurer.
Leveillee was working in New York in September 1995. On September 6, 1995 a Leveillee employee was *301 injured while on the job. Arbella denied coverage. Hartley obtained coverage through New Yorks Uninsured Fund. New York has made a demand for reimbursement on Leveillee, which precipitated this suit against the defendant.
Costello apparently tried to obtain insurance on the “voluntary market” for the plaintiff (for the 1995-96 term), but was unsuccessful. Costello then had the plaintiff apply to the Workers’ Compensation Insurance Plan of Massachusetts which administers the Workers’ Compensation Assigned Risk Pool (Pool). The Pool issued the 1995-96 Travelers policy to the plaintiff. The Pool’s Traveler’s policy included the Massachusetts Limited Other States Insurance Endorsement, which limits coverage for other states. The plaintiff states that all Pool policies include this endorsement.
After the accident, Leveillee procured the necessary “other states coverage” which includes New York coverage. Leveillee used another broker; the policy was issued by Travelers Insurance.
Issues
a.The Plaintiff s Motion for Summary Judgment
Leveillee’s motion for summary judgment is for Costello’s negligence in failing to obtain the “other states coverage,” including New York, and for his failure to inform Leveillee that he had a gap in this part of its insurance. Also, the plaintiff seeks declaratory judgment against Costello for future damages which may occur as a result of the employee’s workers’ compensation claim.
The plaintiff also seeks judgment against Rome, through Costello, under the doctrine of vicarious liability.
The plaintiffs theory is based on the following arguments: (1) that it had worker’s compensation coverage for states other than MA, including New York, prior to switching representation to Costello/Rome; (2) that Leveillee told Costello it wanted the same coverage and Costello agreed; (3) that Costello knew Leveillee did work outside of MA, and that they hired temporary employees to do out-of-state work; (4) that there was no coverage when a worker hired in New York, for a New York job, was injured; and (5) that Costello never informed Leveillee that there was no coverage. Therefore, Leveillee argues, Costello, and Rome as his employer, are liable for negligence in not obtaining the proper insurance and not informing Leveillee of the gap in coverage.
b.The Defendants’ Opposition and Cross Motion for Summary Judgment
Costello and Rome’s theories opposing summary judgment are based on the following arguments: (1) that they fulfilled their duty to obtain insurance, by making a diligent effort to obtain the proper insurance; (2) that all insurance in the “Pool,” which they had to utilize in order to obtain insurance for the plaintiff, required the Limited Other States Endorsement; (3) that the plaintiff had constructive or actual notice of the gap in coverage, through the policy statements; and (4) that the plaintiff was comparatively negligent by not reviewing the statements, and not taking steps to remedy the problem.
In regard to Costello and Rome’s motion for summary judgment, the defendants claim that: (1) Leveillee did not specifically request the extra coverage and there is no evidence the defendants knew or should have known of the need for the “other states coverage”; (2) absent a request, because there was no special relationship between the parties, the defendant had no duty to procure the extra insurance or advise the plaintiff of the need for out-of-state insurance; (3) there is no evidence that Leveillee would have procured extra insurance if advised of the gap; (4) the plaintiff had constructive or actual notice of the gap in coverage, through the policy statements; (5) chapter 93A fails because there was no duty to obtain the extra insurance and there is no evidence that the defendants’ conduct caused any damage to the plaintiff in that it is alleged that it was Leveillee’s failure to read the policy that caused the damage; and (6) Arbella is estopped from denying coverage.
c.Discussion
Insurance brokers are liable for failing to obtain insurance, when they are asked to procure a particular type of policy but fail to do so. See Rae v. Air-Speed, Inc., 386 Mass. 187, 102 (1982). Agents, however, are not fiduciaries of the insured. Absent a special relationship, an insurance agent needs to “exercise reasonable diligence in providing [the insured] with a policy to meet its needs and to inform [the insured] what was covered and what was not covered under the policy." Barrett Financial Corp. v. Pine Insurance Agency, Inc., 11 Mass. L. Rptr. 467, 2000 WL 1273357 (Mass.Sup.Ct.) (Kern, J.) (citing Baldwin Crane Equipment Corp. v. Riley & Riley Ins. Agency, Inc. 44 Mass.App.Ct. 29 (1997)). An insurance broker is, however, an agent of the insured, and the insured is allowed to rely on the broker’s “superior expertise and assume the broker has performed his duties,” where particular coverage has been requested. Campione v. Wilson, 422 Mass. 185, 195 (1996).
There are material questions of fact on all of the issues raised in this case.
The defendant claims it did everything that a reasonable broker needs to do in attempting to obtain the insurance. The plaintiff states that he did not, and points to the fact that a subsequent broker did obtain the insurance.
The defendant also claims that the duty to inform the plaintiff that the coverage did not include the extra insurance was met when it sent the plaintiff a copy of the policies. Further, the defendant claims there were *302 warnings on the policy that stated there was no other states coverage.
The plaintiff states, in effect, that the policy was long and complicated, and could not be easily comprehended by Leveillee.
Would Leveillee have bought the extra coverage if it knew it was not covered? This creates a material issue of fact regarding proximate cause.
The defendant states that the plaintiff is estopped from recovery, for its failure to inspect the policies. The defendant bases this contention on Sarnafil v. Peerless Ins. Co., 418 Mass. 295, 307 (1994). However, in the Sarnafil case the failure to inspect the documents was unreasonable because the policy was a few pages, the missing coverage was obvious and the business entity was sophisticated. Whether Leveillee was unreasonable in this case, with different circumstances, is a question of fact.
There is also a question of fact over what Leveillee requested from Costello. Costello says there was no request for the extra coverage. Leveillee says there was. By asking for the same coverage it had in the past, and showing Costello what the old coverage was, along with Costello’s familiarity with the business and its out of state activities, Leveillee states that Costello knew Leveillee wanted the extra coverage.
There is also a material question of fact as to what duty was owed to Leveillee by Costello. If there was a special relationship, a duty may have been created. Here there was a three-year relationship, which occurred after Costello talked Leveillee into switching from his old broker to Rome/Costello. The extent of that duty is a material question of fact.
Consequently, there is a material question of fact on all issues raised in the plaintiffs motion for summary judgment, as on all issues raised in the defendant’s cross motion for summary judgment. Defendants’ motion to strike a portion of the affidavit of Leveillee is DENIED.
ORDER
It is ORDERED that the plaintiff s motion for partial summary judgment as to Counts I, II, III, IV, VII & VIII, liability only is DENIED; the defendants’ motion for summary judgment is DENIED; the defendants’ motion to strike the second, third and fourth paragraphs of the affidavit of Richard F. Leveillee is DENIED.