Muse, J.
The plaintiffs, Adam J. Cannon and Laura H. Reich, as third-party beneficiaries, bring this breach of contract action against their former stepmother, Marie E. Cannon (“Mrs. Cannon”), to recover a portion of the proceeds of a life insurance policy, issued in the name of their deceased father, Douglas Cannon (“Mr. Cannon”), which was paid directly to Mrs. Cannon. The plaintiffs further assert that they are entitled to such proceeds, inter alia, under the theory of promissory estoppel.
Mrs. Cannon has moved to dismiss the complaint on several grounds. First, she argues that the plaintiffs are not entitled to any portion of the life insurance proceeds under a breach of contract theory because they cannot prove that a contractual relationship exists between them, or that Mrs. Cannon received any consideration for contracting with Mr. Cannon relative to the change of beneficiaries in his insurance policy. Further, she claims that the plaintiffs did not reasonably rely on any alleged statements made by her or her attorney, and that there is no unjust enrichment or other basis for the plaintiffs’ claim to the insurance policy proceeds. For the reasons set forth below, Defendant Marie E. Cannon’s Motion to Dismiss is DENIED.
BACKGROUND
On May 4, 1996, Mrs. Cannon married Douglas Cannon, who was the plaintiffs’ father from a previous marriage. During his life, Mr. Cannon purchased a life insurance policy from Primerica Life Insurance Company in the amount of $ 169,000.00 which named Mrs. Cannon as sole beneficiary.
On or about June 18, 2001, after Mr. Cannon filed a complaint for divorce, the Middlesex Probate and Family Court (Ordonez, J.) entered a temporary order authorizing both Mr. and Mrs. Cannon to add two blood relatives as beneficiaries of their respective life insurance policies. To effectuate his change of beneficiaries, Mr. Cannon sent Mrs. Cannon a “Multipurpose Change Form" (“the form"), which Mrs. Cannon signed on or about June 25, 2001. The signed form gave the plaintiffs, along with Mrs. Cannon, each a one-third interest in Mr. Cannon’s insurance policy proceeds. On July 6, 2001, before returning the form to Primerica Life Insurance Company, Mr. Cannon passed away.
Upon his father’s death, plaintiff, Adam J. Cannon, had a conversation with Mrs. Cannon in which she indicated she had “no problem” writing the plaintiffs a check for their share of the life insurance proceeds after she received the check from the insurance company. Further, the plaintiffs’ former attorney avers that Mrs. Cannon’s attorney also indicated to him that the payment to the plaintiffs from the life insurance policy proceeds is “no problem.” Because of these conversations, plaintiffs’ attorney did not submit the change of beneficiary form to the insurance company.
In August of 2001, Primerica Life Insurance Company paid the entire policy proceeds to Mrs. Cannon, as sole beneficiary under the life insurance policy. Because Mrs. Cannon has refused to pay two-thirds of the policy proceeds to the plaintiffs, they filed this action against her alleging breach of contract (Count I), money had and received (Count III), unjust enrichment (Count IV) and money paid by mistake (Count V).[4]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
*583 A. Breach of Contract
Mrs. Cannon argues that the breach of contract claim must be dismissed because no set of facts support the plaintiffs’ contention that she is a party to any contract with the plaintiffs or Mr. Cannon, and therefore, she cannot be liable to them for breach. Further, Mrs. Cannon claims that because the plaintiffs failed to assert that she received consideration from Mr. Cannon for changing the named beneficiaries, the contract between Mr. and Mrs. Cannon, absent consideration, is unenforceable. Instead, Mrs. Cannon argues that the plaintiffs are third-party beneficiaries of a contract between Mr. Cannon and Primerica Life Insurance Company concerning the named beneficiaries of Mr. Cannon’s life insurance policy.
In opposition to Mrs. Cannon’s motion to dismiss, the plaintiffs assert that Mr. and Mrs. Cannon entered into a valid contract supported by consideration, where in exchange for Mr. Cannon being authorized to add two new named beneficiaries to his life insurance policy, Mrs. Cannon could also add two new named beneficiaries to her life insurance policy. Arguing that they are intended third-party beneficiaries of that contract, the plaintiffs seek to enforce the contract and recover their respective one-third interest in the decedent’s life insurance proceeds which are currently in Mrs. Cannon’s possession.
To prevail on a claim for breach of contract, the plaintiffs must establish that there was a valid and enforceable contract between the parties. See Lafayette Place Assoc. v. Boston Redevelopment Auth., 427 Mass. 509, 517 (1998). The Court has recognized that, “when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.” Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982), quoting Brewer v. Dyer, 7 Cush. 337, 340 (1851). In order to recover as a third-party beneficiary, the plaintiffs must show that they are intended beneficiaries of the contract between Mr. and Mrs. Cannon. See Rae v. Air-Speed, Inc., 386 Mass. at 195. A party is an intended beneficiary where “the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.” Id. at 194, quoting Restatement (Second) of Contracts §302(1)(b) (1981).
It is arguable that Mr. and Mrs. Cannon entered into an enforceable contract in which Mrs. Cannon promised to allow Mr. Cannon, if he so chose, to add two new beneficiaries to his life insurance policy in exchange for Mr. Cannon’s promise to allow Mrs. Cannon, if she so chose, to do the same to her life insurance policy. Mr. Cannon took steps to add the plaintiffs as named beneficiaries of his life insurance policy, therefore, as intended third-party beneficiaries of that contract, the plaintiffs may step into the shoes of Mr. Cannon and enforce Mr. Cannon’s contractual rights against Mrs. Cannon.
For purposes of bringing a claim for breach of contract, the Court must focus on the parties’ rights and obligations under the contract between Mr. and Mrs. Cannon. The contract between the parties permitted each other to amend their respective life insurance policies, which Mrs. Cannon agreed to when she signed the change of beneficiary form dated June 25, 2001 marked as Exhibit C. In signing the change of beneficiary form, Mrs. Cannon arguably agreed to accept a one-third interest in the proceeds of Mr. Cannon’s life insurance policy, consented to the plaintiffs receiving the remaining two-thirds interest in the life insurance proceeds and agreed to forbear from claiming any right or interest in the remaining two-thirds of the life insurance proceeds which Mr. Cannon apparently sought to give to the plaintiffs before his death. Therefore, it is plausible that by accepting the entire proceeds of the life insurance policy, and refusing to pay the plaintiffs their respective shares, Mrs. Cannon breached the contract. Since it cannot be said that the plaintiffs failed to state a claim which would entitle them to relief, Mrs. Cannon’s Motion to Dismiss the plaintiffs’ breach of contract claim must be denied.
B. Promissory Estoppel
Mrs. Cannon challenges the plaintiffs’ promissory estoppel claim as well, on the grounds that the plaintiffs did not reasonably rely on any alleged statements made by Mrs. Cannon and/or her attorney. A claim for promissory estoppel supports recovery if: “1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, 2) the promise does induce such action or forbearance, and 3) injustice can be avoided only by enforcement of the promise.” Loranger Constr. Corp. v. E.F. Hauserman Co., 6 Mass.App.Ct. 152, 154 (1978). An action for promissory estoppel is analogous to a contract action. See R.I. Hosp. Trust Nat’l Bank v. Varadian, 419 Mass. 841, 850 (1995). The plaintiff, in an action for promissory estoppel, must prove all the elements required to satisfy a contract claim except for consideration. See id. Accordingly, the promise that is allegedly relied upon by the plaintiff must rise to the level of an enforceable promise in the contractual sense. See Vakil v. Anesthesiology Assoc. of Taunton, Inc., 51 Mass.App.Ct. 114, 121 (2001).
The plaintiffs’ assertion that they reasonably relied to their detriment on statements made by Mrs. Cannon and her attorney, in which she agreed to pay the plaintiffs two-thirds of Mr. Cannon’s life insurance policy proceeds, is sufficient to set forth a claim for relief under the theory of promissory estoppel. See Loranger Constr. Corp. v. E.F. Hauserman Co., 6 Mass.App.Ct. 152, 154 (1978), affd., 376 Mass. 757 (1978). Therefore, Mrs. Cannon’s motion to dismiss *584 plaintiffs’ promissory estoppel claim must also be denied.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion to dismiss is hereby DENIED.

The other counts were against Primerica Life Insurance Company.