Lemire, James R., J.
The plaintiffs, Douglas Savidge, Savidge Building Corporation and Savage Green Development, LLC (collectively “Savidge”), brought this action alleging breach of contract, unjust enrichment, promissory estoppel, violation of G.L.c. 93A and third-party beneficiary claims against TransCanada Power Marketing, Ltd. (“TransCanada”). Savidge also alleges breach of contract, legal malpractice and violation of G.L.c. 93A against Lane & Hamer P.C. and Henry J. Lane (collectively “Lane”). Pursuant to Mass.R.Civ.P. 12(b)(6), TransCanada moves to dismiss all claims against it (Counts I-IV), and Lane moves to dismiss the legal malpractice claim against it (Count VII). For the following reasons, TransCanada’s motion is ALLOWED in part, and DENIED in part, and Lane’s motion is DENIED.

BACKGROUND

The claims in this case are largely based on an alleged oral agreement between TransCanada and Savidge, and on a written contract to which Savidge claims to be a third-party beneficiary. The subject matter of these contracts was a conservation subdivision plan for a parcel owned by TransCanada, called Evergreen Acres. Savidge acted as a consultant for TransCanada throughout the project.
The Complaint alleges that, in addition to weekly compensation for his consulting services, Savidge negotiated with TransCanada for a “Bonus Payment,” based on the increased market value of the subdivision lots after the project was completed. The allegations further indicate that a written agreement encompassing such a provision was drafted, but never executed, because Savidge would not agree to insure the project. *150 To resolve the insurance coverage issue, TransCanada entered into a written agreement with Lane,[3] which provided that Lane would procure the necessary insurance for the project, and Savidge would serve under Lane, as a sub-consultant.
The written contract provided that Savidge, as sub-consultant, would receive a $500 weekly stipend for his services.[4] The agreement also stated the following:
In the event that [TransCanada] offers to sell the Lands and completes a sale, then the Consultant shall be entitled to an additional payment.. . equal to 5% of the difference between the market value of each lot sold in the subdivision and $35,000 . . .
On the other hand, if [TransCanada] elects not to sell the Land, which it shall be permitted to do at its sole discretion, then no Bonus Payment shall be payable by [TransCanada] to the Consultant.
Notwithstanding any of the foregoing, the Consultant’s entitlement to any Bonus Payments associated with the Services performed under this agreement shall in all events expire on September 1, 2006.
Although Lane was the “Consultant” in the agreement, Savidge alleges that he and Lane agreed that Savidge would be entitled to 80% of any Bonus Payment earned under the contract. Savidge alleges that Lane “represented and promised . . . and agreed . . . that Savidge was entitled to receive, and would receive, the [B]onus [P]ayment based on the increased value of the lots in the subdivision, notwithstanding any termination or expiration dates set forth in the written agreement...” Apart from the substitution of Lane as the contracting party, the contract between TransC-anada and Lane contained the same terms that were in the unexecuted draft agreement between Savidge and TransCanada.

DISCUSSION

In deciding a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the court must treat all of the well-pleaded factual allegations in the complaint as true. Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Insurance Co., 413 Mass. 583, 584 (1992). Further, the plaintiff is entitled to all favorable inferences to be drawn from those allegations. Id. A motion to dismiss will be allowed only if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Id., quoting Nader v. Citron, 372 Mass. 96, 98 (1977). See also Sullivan v. Chief Justice, 448 Mass. 15 (2007). Finally, “a complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).

I. TransCanada’s Motion to Dismiss

The Complaint states a claim for breach of oral contract (Count I). Savidge alleges that TransCanada promised to “market and sell the subdivision to a developer,” and to pay a bonus based on “a percentage of the increased value of the land,” in exchange for Savidge’s consulting services. Although the draft agreement between Savidge and TransCanada, containing the discretion to sell and expiration provisions, is some evidence of the parties’ intentions, Savidge alleges that TransCanada unilaterally added those provisions after an agreement was reached. The fact that Savidge did not sign the agreement, as drafted, supports the allegation that these terms were not part of the agreement. Thus, Savidge has alleged sufficient facts that, if true could establish an enforceable agreement with TransCanada, the breach of which warrants relief.[5]
On the other hand, the Complaint fails to state a claim based on the written agreement between Lane and TransCanada. Under third-party beneficiary principles, Savidge’s rights are no greater than Lane’s. See Rae v. Air Speed, Inc, 386 Mass. 187, 196 (1982) (holding that a third-party beneficiary “stands in the shoes” of the contracting party). Even assuming Savidge was an intended beneficiary of the contract, Lane has no contractual right to the Bonus Payment under the plain terms of the agreement. The contract vests the option to sell the lots in the sole discretion of TransCanada. In addition, the agreement provides that Lane’s “entitlement to any Bonus Payment . . . shall in all events expire on September 1, 2006.” The contract further provides that it “embodies the entire agreement between [TransCanada] and [Lane] and no other understandings or agreements, verbal or otherwise, exist.” Because the expiration date passed and TransCanada did not sell any lots, neither Lane nor Savidge is entitled to any Bonus Payment under this contract. The Complaint sets forth no allegations which could change this result. Therefore, Savidge’s third-party beneficiary claim (Count V) must be dismissed.
Counts II and III present alternative equitable claims based on the conduct of the parties. To the extent that there is no enforceable contract, Savidge may be entitled to relief under theories of promissory estoppel and unjust enrichment. Although Savidge alleges an express contract, he is not precluded from asserting these alternative theories of liability. See Meredith & Grew, Inc. v. Worcester Lincoln, LLC, 64 Mass.App.Ct. 142, 152 (2005) (finding that, “where an explicit agreement is alleged but found not to be enforceable, the evidence may support [a] claim that there is an implied contract”). Therefore, dismissal of these claims is improper.
Count IV alleges a violation of G.L.c 93A by Trans-Canada. Although G.L.c. 93A is not a remedy for “ordinary disputéis] over whether money [is] owed,” the Complaint alleges more than simple breach of contract. Meredith & Grew, Inc., 64 Mass.App.Ct. at 153. Savidge alleges that TransCanada misrepresented its intentions regarding the sale of the subdivision lots and deliberately inserted provisions into its *151 contract with Lane, which were aimed to destroy Savidge’s right to earn the bonus for which it negotiated. These allegations, and the favorable inferences to be taken from them, are sufficient to state a claim for violation of G.L.c. 93A, §11. See Mass. Employees Ins. Exch. v. Propac-Mass, Inc., 420 Mass. 39, 43 (1995) (finding that “unilateral, self-serving conduct” in the context of contractual dealings is not “fair dealing in good faith,” and that “a breach of the implied covenant of good faith and fair dealing may constitute an unfair or deceptive act or practice for the purposes of G.L.c. 93A”). Thus, dismissal of this claim is not warranted.
II. Lane’s Motion to Dismiss
Count VII of the Complaint alleges legal malpractice against Lane. Savidge claims that Lane negligently “represented and advised Plaintiffs with respect to the Evergreen Acres project and their entitlement to bonus or other compensation,” and that Lane breached its duties of reasonable care, loyalty, fidelity, trust, confidence and good faith, causing damage to the Plaintiffs. In response, Lane argues that Savidge has failed to allege an attorney-client relationship, and has further failed to allege legal causation and damages.
Although Savidge has not alleged an express attorney-client relationship, “(a]n attorney-client relationship may be implied ‘when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney’s professional competence, and (3) the attorney . . . actually gives the desired advice or assistance.’ ” DeVaux v. American Home Assurance Co., 387 Mass. 814, 817-18 (1983) (internal quotation omitted). “Absent an attorney-client relationship, the court will recognize a duty of reasonable care if an attorney knows or has reason to know a nonclient is relying on the services rendered.” Lamare v. Basbanes, 418 Mass. 274, 276 (1994). However, “where an attorney is also under an independent and potentially conflicting duty to a client,” the duty to nonclients is less certain. Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989), quoting Page v. Frazier, 388 Mass. 55, 63(1983).
Here, Savidge acknowledges that Lane represented TransCanada, a party whose interests appear to conflict with Savidge’s. Nonetheless, a fair inference to be taken from the allegations is that Lane advised and assured Savidge of his legal rights under the contract. Accepting these allegations as true, the court cannot conclude that Lane had no duty to Savidge. The issues of Lane’s intent in making these assurances, Savidge’s reliance thereon, and the scope of the relationships between the parties involved in the project, are material to the determination of whether a duty was owed. These issues cannot be resolved at this juncture.
Assuming Lane owed a duty to Savidge and breached that duty by giving negligent legal advice, Lane argues that “nothing [it] did or failed to do was the legal cause of any injuiy suffered by . . . Savidge.” In order “(t]o prevail on a claim for legal malpractice, the plaintiff must show that the attorney’s breach of duly was the proximate cause of the damage or loss [he] sustained.” Meyer v. Wagner, 429 Mass. 410, 424 (1999).
In this case, the allegations permit the inference that, in reliance on Lane’s advice that his legal rights under the written contract were secure, Savidge took no further action to protect them. In addition, as discussed above, Savidge’s claim for breach of written contract (Count V) has now been dismissed, precluding his recovery of the Bonus Payment under that contract. Had Savidge been properly advised, however, he could have taken steps to renegotiate his arrangement with TransCanada, or he could have withdrawn from the project altogether, and thus, avoided all or part of the loss. As such, Savidge has sufficiently alleged damages caused by Lane’s negligent advice, up to the amount of the lost Bonus Payment.[6] Therefore, dismissal of Count VII is improper.

ORDER

For the foregoing reasons, TransCanada’s Motion to Dismiss is ALLOWED with respect to Count V, and DENIED with respect to Counts I, II, III and IV. In addition, Lane’s Motion to Dismiss is DENIED.

Savidge alleges that he introduced Lane to TransCanada, with the intention that Lane would serve as legal counsel for the project.

Although Savidge did not attach this contract as an exhibit, he referred to it throughout the Complaint. Thus, it is appropriate for the court to consider the contract in its entirety, without converting this motion to one for summary judgment. Harhen v. Brown, 46 Mass.App.Ct. 793, 798 n.5 (1999).

In a footnote, TransCanada argues that the statute of frauds bars any oral contract claim asserted by Savidge. This argument lacks merit. Savidge alleges that the agreement was made in January 2004, with the expectation that the services would be completed by September 2004. “The Statute of Frauds ‘applies only to contracts which by their terms cannot be performed within the year. It does not apply to contracts which may be performed within, although they may also extend beyond, that period.’ ” Boothby v. Texon, Inc., 414 Mass. 468, 479 (1993), quoting Doherty v. Doherty Ins. Agency, Inc., 878 F.2d 546, 551 (1st Cir. 1989).

These damages would be easily ascertainable, based on the market value of the subdivision lots at the time that Savidge was entitled to the bonus. Alternatively, to the extent that Savidge recovers the Bonus Payment under Count I, the Complaint sufficiently alleges damages in connection with the costs of prosecuting that claim.