The plaintiff, Batterymarch, LLC (Batterymarch), appeals from a Superior Court judgment for the defendant, Everest National Insurance Company (Everest), entered following the allowance of Everest's motion for summary judgment on all counts. The essential facts are not in dispute. The lawsuit filed by Batterymarch arises out of a contract of insurance between 76 Batterymarch Condominium Trust (the trust) and Everest covering condominium units (the condominium) owned by Batterymarch and managed by the trust. The bylaws set forth in the condominium's declaration of trust require the trustees to "obtain and maintain ... casualty or physical damage insurance" on the condominium. Bylaws, § 5.10(A). Under the policy in question, the trust is named as the sole insured. The bylaws provide that "all casualty loss proceeds" payable by Everest for damage to the condominium" shall be paid to the Trustees as insurance trustees." Bylaw, § 5.10(D). The bylaws also state that "[t]he Trustees shall ... have the absolute control, management and disposition of the trust property as if they were the absolute owners ...." Bylaw, § 5.1. Finally, in the event of a "casualty loss," the trust is authorized to make any necessary repairs and assess costs to the unit owners. Bylaw, § 5.5(C).
On January 16, 2012, a pipe burst in the condominium causing water damage to the units. An insurance claim was submitted to Everest on the following day. Following an inspection and review of the claim by Everest's adjuster, as well as an independent adjuster hired by Everest, the loss was adjusted by Everest and the trust.[2] There is no dispute between the trust and Everest as to the amount of money that was appropriate under the policy for the loss.
The present lawsuit by Batterymarch was filed against both the trust and Everest on January 15, 2016. It alleges a breach of contract against Everest and the trust and common-law indemnity against Everest.[3] The common-law claim was dismissed on January 10, 2017, and that matter is not the subject of this appeal. All claims against the trust were dismissed on May 31, 2017, and there are no issues concerning that dismissal raised on this appeal.[4]
On or about August 10, 2017, Everest filed a motion for leave to file a motion for summary judgment beyond the deadline set forth in Superior Court Rule 9A, along with a motion for summary judgment and a statement of undisputed material facts as required by Superior Court Rule 9A(b)(5)(i). Although Batterymarch filed a written opposition to Everest's motion, it did not file a motion under Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974), for additional time to obtain necessary discovery, nor a response to Everest's statement of undisputed material facts despite being given additional time in which to do so. In a written decision, a Superior Court judge allowed Everest's motion for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), and ordered that judgment enter for Everest on all remaining counts of Batterymarch's complaint.
The judge correctly noted that there is no contract between Batterymarch and Everest to support a breach of contract claim. While Batterymarch may be an intended third-party beneficiary of the contract of insurance between the trust and Everest, that status is of no assistance to Batterymarch under the circumstances of this case. Compare Rae v. Air-Speed, Inc., 386 Mass. 187, 196 (1982). The right enjoyed by condominium owners to obtain insurance on their units, see G. L. c. 183A, § 10 (b ) (3), was satisfied by the contract between the trust and Everest. In this case the trust was the only named insured on the policy. Under the circumstances, the condominium owners' authority or standing to assert rights in connection with the contract of insurance depends on the terms of the master deed and condominium bylaws. See 39 Joy St. Condominium Ass'n v. Board of Appeal of Boston, 426 Mass. 485, 487 (1998). Neither the master deed nor the bylaws assigns any role to or confers any authority on the unit owners in connection with the adjustment or settlement of an insurance claim.[5]
Because Batterymarch has not identified any material fact that is in dispute nor explained how any further discovery would be material to the essential facts, there is no merit to its claim that it should have been allowed to conduct a deposition pursuant to Mass. R. Civ. P. 30 (b) (6), 365 Mass. 780 (1974), prior to the judge's consideration of a motion for summary judgment.[6]
Judgment affirmed.

Of the total, $51,578 was paid directly by Everest to ServiceMaster for demolition and remediation. The balance of the actual cash value loss, minus the amount that was paid to ServiceMaster and an industry standard "holdback" or reserve of $35,780.84, was paid to the trust on February 22, 2012. On that date, the trust executed a document acknowledging that the actual cash value loss of $159,995.62 was in full satisfaction of the claim.

An additional count alleging violations by Everest of G. L. c. 93A, § 9, and G. L. c. 176D, § 9, was added.

In that order, the judge noted that any claim by Batterymarch against the trust for breach of fiduciary duty sounded in tort and was time-barred.

For this reason, there is no basis for Batterymarch's claim for damages under G. L. c. 93A and G. L. c. 176D.

Everest's request for attorney's fees and costs is denied.